FILED
CLERK, U.S. DISTRICT COURT
7/24/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: DD DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:20-cr-00307-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 541: Entry of Goods Falsely Classified; 18 U.S.C. § 981, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MOHAMAD YASSIN ALCHARIHI, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. §§ 541, 2(b)]

On or about August 13, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant MOHAMAD YASSIN ALCHARIHI, also known as "Mohamad al-Sharihi" and "Mohamad AlCharihi," knowingly effected the entry of goods, wares, and merchandise, and willfully caused the entry of goods, wares, and merchandise, upon a false classification as to quality and value of such material. Specifically, defendant ALCHAIRHI knowingly claimed, and caused to be claimed, that he was importing a shipment of a mosaic and other items valued at $2,199, when, in fact, defendant

Ju

ALCHARIHI knowingly imported a mosaic that itself was valued at more than $2,199, and defendant ALCHARIHI knowingly misrepresented the quality of the mosaic, including what the mosaic depicted.

## FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense, including but not limited to:

(i) One mosaic, seized on March 19, 2016, during the execution of a federal search and seizure warrant in Palmdale, California; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

MATTHEW W. O'BRIEN
Assistant United States Attorney
Environmental and Community
Safety Crimes Section

BRIAN C. RABBITT
Acting Assistant Attorney General
Criminal Divison

ANN MARIE E. URSINI
Senior Trial Attorney
Human Rights and Special
Prosecutions Section