TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-3359/8644
  E-mail: Mark.A.Williams@usdoj.gov
      Matthew.O'Brien@usdoj.gov

KENNTEH A. POLITE
Assistant Attorney General
Criminal Division
CHRISTIAN A. LEVESQUE (D.C. Bar No. 501778)
Trial Attorney
Human Rights and Special Prosecutions Section
Criminal Division
ADAM P. BARRY (Cal. Bar. No. 294449)
Trial Attorney
National Security Division
United States Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530
  Telephone: (202) 538-2373/233-0788
  E-mail: Christian.Levesque@usdoj.gov
      Adam.Barry@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-307-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SUBMISSION RE: PRESUMED CIPA FILINGS |
| v. | |
| MOHAMAD YASSIN ALCHARIHI, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi, | |
| Defendant. | |

The United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams and Matthew W. O'Brien, Trial Attorney Christian A. Levesque, and Trial Attorney Adam P. Barry, hereby files its response to defendant MOHAMAD YASSIN ALCHARIHI's ("defendant") Submission re: Presumed CIPA Filings (Docket No. 41). The government submits that no hearing is necessary in this matter, so the government's response is based on the files and records in this case.

Dated: February 14, 2022        Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


/s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
Assistant United States Attorneys

KENNETH A. POLITE
Assistant Attorney General
Criminal Division


/s/
CHRISTIAN A. LEVESQUE
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On October 26, 2020, the government notified the Court and defendant that it would be invoking the provisions of the Classified Information Procedures Act ("CIPA") in this case. (Docket No. 23.) In that filing, the government summarized the procedures mandated by CIPA for protecting classified information and applied for an order designating a Classified Information Security Officer ("CISO") to assist the Court. The government then filed supplemental information addressing the Court's questions (Docket No. 25), and the Court issued the order designating a CISO on November 9, 2020 (Docket No. 26).

On October 4, 2021, the government notified the Court and defendant that it had filed, for in camera and ex parte review pursuant to the procedures previously outlined for the Court and defendant, a classified pleading pursuant to CIPA and Federal Rule of Criminal Procedure 16(d)(1). (Docket No. 33.) On October 26, 2021, this Court issued a sealed order granting the government's classified motion for a protective order. (Docket No. 38.)

Defendant now requests that the Court "review the government's filings, give notice as to whether, and what section(s) of, CIPA is being utilized, and make certain the government meets the procedural burden CIPA requires." Although styled as a "motion," defendant does not seek any particular relief. The Court should deny defendant's submission because it fails to suggest that either the government or the Court did not follow the appropriate CIPA procedures in this

case. The government also requests that the Court file the unclassified protective order that was issued on October 26, 2021, which moots many of the potential issues raised by defendant, and that the Court take the hearing off calendar because defendant's filing does not seek any particular relief. Moreover, even if defendant's submission could be construed as requesting additional information about the government's CIPA filing, the Court's filing of the unclassified protective order will moot that request to the extent defendant may be entitled to any relief.

## II.

### ARGUMENT

**A.   DEFENDANT'S MOTION IS NOT JUSTICIABLE; IT DOES NOT SEEK ANY FORM OF RELIEF**

Rather than seeking some form of relief, defendant merely asks the Court to "review the government's filings," identify the relevant CIPA sections, and ensure the government has met its procedural burdens. The Court should reject defendant's attempt to build into CIPA additional requirements and assurances that the Court and the government have followed CIPA's requirements and procedures.

To the extent defendant is suggesting that the Court may not have followed the law, the government does not share that view. The Court has already reviewed the government's ex parte sealed CIPA filing, which is classified. The Court has followed the applicable law and entered a protective order under CIPA Section 4 and Federal Rule of Criminal Procedure 16. This alone should moot defendant's request and dispose of defendant's filing.

To the extent, however, that the Court wishes to elucidate further its legal analysis and application of the law, the government does not object to the Court publicly docketing the unclassified protective order the Court entered on October 26, 2021. The order describes the relevant CIPA provision on which the government relied (CIPA Section 4). Further, it describes the Court's legal analysis under CIPA and Rule 16(d)(1).

For these reasons, publicly docketing the unclassified protective order moots the defendant's request and should dispose of this filing without further action.[1]

**B. DEFENDANT'S DESCRIPTION OF THE LAW GOVERNING CIPA PROCEEDINGS IS INACCURATE AND MISLEADING**

Defendant's description of the law is grossly inaccurate and must be corrected. CIPA was enacted "to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution." United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988). Although CIPA "does not expand or restrict established principles of discovery," United States v. Sedaghaty, 728 F.3d 885, 903 (9th Cir. 2013), it does "contemplate[ ] an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information." United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989). Accordingly, under Section 4 of CIPA and Fed. R. Crim. P. 16,

---

[1] Notably, publicly docketing the Court's unclassified protective order is not necessary to preserve the record for appeal. Pursuant to the court's unclassified October 26, 2021 order, all classified filings will be maintained in a secure facility in accordance with established security procedures for any future appellate review.

3

the Court may "deny or restrict discovery in order to protect national security." Sedaghaty, 728 F.3d at 904; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1260-61 (9th Cir. 1998); see also Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

   **1. Ex Parte Proceedings Under CIPA Section 4 Are Contemplated By Statute And Regularly Allowed By Courts**

  Defendant contends that the Court should not permit filings or related proceedings in this matter to occur ex parte. Although CIPA does not require the government to proceed ex parte, the statute specifically contemplates and permits ex parte proceedings. Specifically, CIPA Section 4 provides, inter alia:

> The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III at § 4.

  CIPA's legislative history similarly makes clear that Congress viewed the ex parte nature of the proceeding to be an important way of protecting the government's interest in maintaining classified information while ensuring proper judicial review of the government's discovery obligations. As Congress noted, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense . . . would defeat the very purpose of the discovery rules." H.R. Rep. No. 96-831, at 27 n.22 (1980).

4

Thus, conducting an adversarial hearing in which sensitive classified material could be inadvertently disclosed would be contrary to congressional intent, unwarranted, and unjustified.

Federal Rule of Criminal Procedure 16(d)(1) similarly contemplates circumstances in which ex parte proceedings are appropriate. The Rule provides that "[a]t any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and that "[t]he court may permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1) (emphasis added); see United States v. Mejia, 448 F.3d 436, 455-58 (D.C. Cir. 2006) (conducting an ex parte, in camera review of classified material under CIPA § 4 and Rule 16(d)); see also United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993) ("[Rule] 16(d)(1) expressly authorizes the court to deny discovery of information sought by a defendant based on an ex parte showing by the government of the need for confidentiality.").

Moreover, "it would defeat the purpose of the protective order if the government were required to make its showing in open court. The problem arises in its most extreme form where matters of national security are involved." Fed. R. Crim. P. 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e). According to the Advisory Committee Notes, "[a]mong the considerations to be taken into account" when deciding a motion under Rule 16(d)(1) is "the protection of information vital to the national security." Id.

Thus, courts have consistently upheld the submission of ex parte, in camera motions under Rule 16(d)(1) and Section 4 of CIPA.

See United States v. Amawi, 695 F.3d 457,472 (6th Cir. 2012) ("[E]very court that has considered this issue has held that CIPA permits ex parte hearings."); United States v. Campa, 529 F.3d 980,995 (11th Cir. 2008); Mejia, 448 F.3d at 457-58 (approving CIPA Section 4 ex parte hearing); United States v. O'Hara, 301 F.3d 563, 568-69 (7th Cir. 2002) (district court properly conducted ex parte, in camera review to determine whether classified information was discoverable); Klimavicius-Viloria, 144 F.3d at 1261 ("In a case involving classified documents, however, ex parte, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); Yunis, 867 F.2d at 620; Sarkissian, 841 F.2d at 965; United States v. Pringle, 751 F.2d 419, 427-28 (1st Cir. 1984), vacated and remanded on other grounds sub nom; United States v. McAfee, 479 U.S. 805 (1986); United States v. Pelton, 578 F.2d 701, 707 (8th Cir. 1978) (ex parte, in camera proceedings appropriate under Rule 16(d)(1) where prosecutors were concerned about safety of individuals if certain tapes were disclosed to defense); United States v. Abu-Jihaad, 2007 WL 2972623, at *1 (D. Conn. Oct. 11, 2007); United States v. Rahman, 870 F. Supp. 47, 49, 53 (S.D.N.Y. 1994).

Importantly, courts have also determined that even if defense counsel has a security clearance (which the defense argues they could obtain here), that does not obviate the need for ex parte, in camera, proceedings or entitle the defendant to access the classified information. See, e.g., Sedaghaty, 728 F.3d at 908-09; United States v. Daoud, 755 F.3d 479, 484-85 (7th Cir. 2014) (finding that defense

counsel's possession of security clearances did not obviate need to have ex parte, in camera review of classified materials to determine whether disclosure would harm national security).

In addition, courts have recognized that although Rule 16(d)(1) and Section 4 of CIPA speak only of the government submitting a written statement, "ex parte, in camera hearings in which the government counsel participates to the exclusion of defense counsel are part of the process that the district court may use," particularly "if the court has questions about the confidential nature of the information or its relevancy." Klimavicius-Viloria, 144 F.3d at 1261; see also Mejia, 448 F.3d at 457; United States v. Libby, 429 F. Supp. 2d 18, 24-25 (D.D.C. 2006).

Thus, Section 4 of CIPA permits ex parte proceedings and defendant has cited no reason to question the procedures employed in this case.

### 2. The Government Does Not Need To Make Any Particularized Showing Before Proceeding Ex Parte

Defendant argues that the government must make a "particularized showing of exceptional circumstances" before being permitted to proceed ex parte under CIPA and Rule 16. This argument is entirely without support. CIPA Section 4 requires no particular showing by the government before the Court may grant a request to proceed ex parte and in camera. See United States v. Kim, Case No. 1:10-cr-225-CKK, ECF No. 92, at 2 (D.D.C. Dec. 10, 2012) (finding no support in Section 4 or case law for the proposition that the government must make a substantial showing to proceed ex parte under Section 4 and noting that the same decision was reached in Libby); cf. United

7

States v. Libby, 429 F. Supp. 2d 46, 48 (D.D.C. 2006) (clarifying court's earlier opinion on ex parte filings and holding that "the Court cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4"); United States v. Ahmad, 2013 WL 1899792, at *2 (D. Conn. May 1, 2013) ("[I]n United States v. Libby. . . , the court said explicitly that there is no requirement under CIPA to show exceptional circumstances before proceeding ex parte." (citation omitted)).

Regardless, defendant has provided no basis upon which to suggest the government's ex parte filing under CIPA Section 4 was improper or that the Court failed to ensure CIPA's requirements and procedures were satisfied.

**3. The Defendant Is Not Entitled To An Adversarial Proceeding In Which The Government Explains Its Reasons For Proceeding Ex Parte**

Despite the clear statutory and jurisprudential basis for ex parte procedures to review CIPA pleadings, defendant argues that the government's justification for proceeding ex parte should occur in an adversarial proceeding.  The law requires no such public justification or adversarial proceeding to allow the defense to challenge the justification.  Indeed, "[t]he right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view." Campa, 529 F.3d at 995; Sarkissian, 841 F.2d at 965-66 ("Nowhere does CIPA

8

require the government to file a public claim of privilege before making an in camera ex parte submission."); Kim, No. 1:10-cr-225, ECF No. 92 at 2 ("If the Government's need for an ex parte motion under Section 4 is meritorious, it would defeat the purpose of an ex parte motion to require the Government to disclose its reasons to the Defendant.").

There is no requirement that the government make a particularized showing or hold an adversarial proceeding before allowing the government to file a Section 4 CIPA motion ex parte, and even defendant's cited case law does not support any contrary argument. See United States v. Brown, Case No. 5:14-CR-58-FL, ECF No. 52 (E.D.N.C. June 30, 2014) (providing in scheduling order that the government's CIPA Section 4 motion would be filed ex parte, without requiring the government to provide any public justification for proceeding ex parte).

### 4. The Court Applied The Correct Standard, As Articulated In Its Unclassified Order

The Court determined that the Government's Motion for a Protective Order was properly filed ex parte, in camera, and pursuant to CIPA Section 4 and Rule 16(d)(1). The Court reviewed the Government's classified motion, supporting classified declaration, and memorandum of law; correctly evaluated the CIPA Section 4 filing; and applied the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and Yunis. Applying that correct standard, the Court determined that none of the classified information the government referenced in its motion is relevant and helpful to the defense. Further, it weighed defendant's interest in

9

disclosure of the classified information and found it was substantially outweighed by the government's interest in protecting national security information and the sources and methods by which it is obtained.  Finally, the Court determined that government's discovery obligations under Federal Rule of Criminal Procedure 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and other relevant jurisprudence were satisfied. When applying the procedures and requirements of CIPA, the defendant can ask for no more and to do so defeats the purpose of the statute.

### III.

### CONCLUSION

For the foregoing reasons, the Court should deny defendant's request without a hearing.