# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 20-307-GW | | Date | January 13, 2023 |
|---|---|---|---|---|

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | NONE |

| Javier Gonzalez | None Present | Mark A. Williams - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Mohamad Yassin Alchirihi | not | | ✔ | Ashley Mahmoudian, DFPD | not | ✔ | |

**PROCEEDINGS:**   IN CHAMBERS - FINAL RULING ON DEFENDANT'S MOTION TO STRIKE IMPROPER ALLEGATIONS FROM THE INDICTMENT OR DISMISS THE INDICTMENT [59]

Mohamad Yassin Alchirihi – charged in a single-count Indictment[1] with having violated 18 U.S.C. §§ 541, 2(b)[2] – moved under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to either strike the allegations in the Indictment related to "quality" or to dismiss the Indictment in its entirety because, in Defendant's view, the Government is employing an improper understanding of Section 541's "quality" term.  The Court issued a "Tentative Ruling" on the motion wherein it indicated that it would grant the motion to strike the allegation of a violation of Section 541 based upon a false classification as to quality because the Court had doubts as to whether the Government had proper factual and legal bases to establish that Alcharihi had "knowingly misrepresented the quality of the mosaic, including what the mosaic depicted."[3]  *See* ECF No. 64.

A hearing was held on January 9, 2023.  *See* ECF No. 65.  After considering the arguments and other contentions of the parties, the Court would rule as follows on the motion: the motion will be denied without prejudice to be renewed (if the Defendant so desires) at trial.

At the hearing, it was clear to the Court that the issues (and evidence) of value and quality are (or at least can be) intertwined.  Further, the Government asserted that it will be presenting at trial expert testimony vis-à-vis the quality issue which will include the subject as to what the mosaic depicts and how that relates to quality.  Consequently, the Court will allow such testimony and if, at the end of the prosecution's case and upon a motion by the defense, the Court concludes that the Government has failed to establish a basis for the case to go to the jury

---

[1] The Indictment alleges that Alcharihi "knowingly effected the entry of goods, wares, and merchandise, and willfully caused the entry of goods, wares, and merchandise, upon a false classification as to quality and value of such material."  *See* ECF No. 1, at 1:23-26.

[2] Section 541 provides that "[w]hoever knowingly effects any entry of goods, wares, or merchandise, at less than the true weight or measure thereof, or upon a false classification as to quality or value, or by the payment of less than the amount of duty legally due, shall be fined under this title or imprisoned not more than two years, or both."

[3] However, as noted in the Tentative Ruling, the decision of the Court would primarily impact the theory of liability under which Alcharihi might be convicted (*i.e*, under false representation as to value, as to quality, or both); but it would not affect most of the evidence in the case.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

on the issue of a false classification based on quality, it will grant the motion for judgment of partial acquittal under Fed. R. Crim. P. 29(a).

                                                        _____ : _____
              Initials of Deputy Clerk    JG
                                          _____