UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 20-307-GW | Date | January 24, 2023 |
|---|---|---|---|

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | NONE |

| Javier Gonzalez | None Present | Mark A. Williams - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Mohamad Yassin Alchirihi | not | | ✔ | Ashley Mahmoudian, DFPD | not | | ✔ |

**PROCEEDINGS:    IN CHAMBERS - TENTATIVE RULING ON GOVERNMENT'S MOTION IN LIMINE TO ADMIT MOSAIC AS EVIDENCE AT TRIAL [62]**

Attached hereto is the Court's Tentative Ruling on Government's Motion [62], set for hearing on January 26, 2023 at 8:00 a.m.

                                                                    :
                                      Initials of Deputy Clerk   JG

***United States of America v. Alcharihi***, Case No. CR-20-307-GW
Tentative Ruling on Government's Motion in Limine to Admit Mosaic as Evidence at Trial

      Mohamad Yassin Alcharihi, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi" ("Defendant"), is charged in a single-count indictment (along with an associated forfeiture count) with having violated 18 U.S.C. §§ 541, 2(b). *See* Docket No. 1. Section 541 provides that "[w]hoever knowingly effects any entry of goods, wares, or merchandise, at less than the true weight or measure thereof, or upon a false classification as to quality or value, or by the payment of less than the amount of duty legally due, shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 541. Subsection 2(b), meanwhile, provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b).

      Specifically, the United States of America ("Plaintiff" or "the Government") asserts that Defendant "knowingly effected the entry of goods, wares, and merchandise, and willfully caused the entry of goods, wares, and merchandise, upon a false classification as to quality and value of such material." Docket No. 1, at 1:23-26. Even more-specifically, Plaintiff alleges that Defendant claimed "that he was importing a shipment of a mosaic and other items valued at $2,1999, when, in fact, [he] knowingly imported a mosaic that itself was valued at more than $2,199, and [he] knowingly misrepresented the quality of the mosaic, including what the mosaic depicted." *Id.* at 1:27-2:3.

      The Government now moves to admit the subject mosaic[1] as evidence at trial. *See* ECF No. 62. There are photographs of the mosaic as it was found in Defendant's garage in 2016, and as it progressed through a restoration process which purportedly cost over $40,000. *Id.* at 6-7 of 8. The Government contends that, while there is a plethora of photographic evidence of the mosaic in its various stages, the photographs are "inadequate and cannot convey the size, scope, and other features of the mosaic." ECF No. 66 at 9 of 10. Further, the Government asserts that viewing the mosaic is germane to its experts' testimony regarding the provenance, value and quality of the artwork.

      The Defendant counters that: (1) viewing the mosaic is irrelevant to the charged offense (*i.e.* the knowing misclassification of the mosaic's value or quality); (2) the Government fails to explain why its experts' testimony cannot as efficiently be provided based on the photographs alone rather than in tandem with the real item; and (3) viewing the mosaic as it currently exists would be confusing, misleading and prejudicial as there has been $40,000 of restoration done on it and, thus, the item no longer is in the same state as when the Defendant purchased it. *See* ECF No. 63.

      The Court agrees with the Government's position. The photographs cannot convey the full size, scope and other features of the mosaic. However, the photographs will be able to trace the restoration work that was done on it. Further, the Court rejects Defendant's contention that actually viewing the mosaic is irrelevant to the charge in this case. Consideration of the features of the mosaic is clearly relevant to evaluations of its value and quality, especially as expounded upon by experts in the field.

      In sum, the Court would grant the Government's motion.

---

[1] The Government describes the mosaic as being 2,000 years old and "18 feet long, 8 feet tall, and weigh[ing] approximately 2,000 pounds." ECF No. 62 at 3-4 of 8.