CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ASHLEY MAHMOUDIAN (Bar No. 316638)
(E-Mail: ashley_mahmoudian@fd.org)
ISABEL BUSSARAKUM (Bar No. 295046)
(E-Mail: isabel_bussarakum@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Josh_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MOHAMAD ALCHARIHI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MOHAMAD ALCHARIHI, <br><br> Defendant. | Case No. CR 20-307-GW <br><br> **DEFNDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING MEANS OF VIOLATING 18 U.S.C. § 541 THAT ARE NOT CHARGED IN THE INDICTMENT** <br><br> Hearing Date: 4/20/2023 <br> Hearing Time: 10:00 a.m. |

Defendant Mohamad Alcharihi, by and through his counsel of record, hereby moves *in limine* for an order clarifying that the Government will not be permitted to introduce evidence going to uncharged means of violating 18 U.S.C. § 541.

//

//

//

//

//

1 | This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence and argument as the Court may permit.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 9, 2023          By  /s/ Joshua D. Weiss
                              ASHLEY MAHMOUDIAN
                              ISABEL BUSSARAKUM
                              JOSHUA D. WEISS
                              Deputy Federal Public Defenders
                              Attorney for MOHAMAD ALCHARIHI

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court previously ruled that the Government will be permitted to proceed to trial on the charge that Mohamad Alcharihi violated the "quality" provision of 18 U.S.C. § 541 by misrepresenting "what the mosaic depicted." Mr. Alcharihi respectfully seeks an order clarifying an aspect of the Court's order and the scope of evidence the Government will be permitted to introduce to prove the "quality" allegations. Specifically, Mr. Alcharihi seeks an order clarifying that the Government will be permitted to introduce evidence relevant to the allegations in the indictment, but that the Government will not be permitted to introduce evidence going to other, uncharged means of violating the offense.

## II. BACKGROUND

Mr. Alcharihi previously moved to strike allegations from the indictment, arguing that the indictment's allegations about "quality"—that Mr. Alcharihi misrepresented "what the mosaic depicted"—fail to state an offense under 18 U.S.C. § 541. (Dkt. No. 59.) In opposition, the Government argued: (1) that it could prove at trial that "what the mosaic depicted" amounted to a misrepresentation of the mosaic's quality, and (2) that it could prove a violation of the statute's "quality" provision based on a swath of other allegations that are *not* alleged in the indictment. (*See* Dkt. No. 60.) As to the latter claim, the Government argued that it could prove a violation of the statute's "quality" provision because "where a floor mosaic is from, its style, and what it depicts" go to its quality. (*Id.* at 9.) Later, the Government further broadened the scope of violations it claimed are at issue, arguing that "[f]eatures such as size, style, condition, period, and provenance also bear on" the mosaic's quality. (*Id.* at 14; *see also id.* at 19.)

The Court ultimately denied the motion, focusing on the Government's first argument—whether the Government could prove that misrepresenting "what the mosaic depicted" amounted to a misrepresentation of its quality. The Court first issued

1

a tentative ruling indicating that it was considering granting the motion because the indictment's paltry allegation as to quality was insufficient to state a claim. (Dkt. No. 64.) As the Court explained, while "what an imported item depicts" might "theoretically" affect an item's quality, "the indictment does not plead that; it simply pleads – at least in terms of 'quality' – that Defendant knowingly misrepresented 'what the mosaic depicted.'" (*Id.* at 4.)

After a hearing, the Court issued a final order denying the motion without prejudice. (Dkt. No. 67.) The Court concluded:

> [T]he Government asserted that it will be presenting at trial expert testimony vis-à-vis the quality issue which will include the subject as to what the mosaic depicts and how that relates to quality. Consequently, the Court will allow such testimony and if, at the end of the prosecution's case and upon a motion by the defense, the Court concludes that the Government has failed to establish a basis for the case to go to the jury on the issue of a false classification based on quality, it will grant the motion for judgment of partial acquittal under Fed. R. Crim. P. 29(a).

(*Id.* at 1-2.)

### III. ARGUMENT

**1. Mr. Alcharihi respectfully seeks an order clarifying that while the Government will be permitted to proceed on the indictment's "quality" charge, it will not be permitted to introduce evidence going to other, uncharged means of violating the statute**

Mr. Alcharihi respectfully seeks an order clarifying an aspect of the Court's prior order regarding the indictment's "quality" allegations. Mr. Alcharihi understood the Court's order to indicate that the Government will be permitted to attempt to prove that Mr. Alcharihi misrepresented "what the mosaic depicted" and that such a misrepresentation amounted to a misrepresentation of the mosaic's quality. That is, the

Government will be permitted to attempt to prove the charge returned by a grand jury. As the above-quoted language from the Court's order indicated, if the Government fails to prove the allegation in the indictment, then it will not be able to sustain a guilty verdict, at least as to the "quality" theory of liability.

Mr. Alcharihi brings this motion only to clarify that the Government will not be permitted to introduce evidence going to other, uncharged means of violating § 541's "quality" provision. Mr. Alcharihi thus seeks an order excluding evidence that the Government may attempt to introduce regarding the mosaic's quality that has nothing to do with the charged allegation—"what the mosaic depicted"—and instead regards other theories of "quality" liability that the Government has previously put forward. Specifically, Mr. Alcharihi seeks an order excluding evidence going to "quality" about "where a floor mosaic is from"; "its style"; . "size"; "condition"; "period"; and "provenance." (Dkt. No. 60 at 9, 14, 19.) As discussed above, Mr. Alcharihi understood the Court's order to limit the Government's case as to the "quality" to the allegation charged in the indictment. He seeks an order specifying that limitation to narrow and clarify the scope of the trial.

**2. Allowing the Government to attempt to prove means of violating § 541's quality provision that were not charged in the indictment would amount to an unconstitutional amendment of the indictment.**

Any contrary ruling—allowing the Government to attempt to prove means of violating § 541's "quality" provision that were not charged in the indictment—would amount to an unconstitutional amendment of the indictment. "The Fifth Amendment [] requires that a defendant be convicted only on charges considered and found by a grand jury." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). Here, a grand jury returned an indictment alleging a specific means of violating the "quality" provision of § 541. Permitting the Government to prove a violation of the statute via other, uncharged means of violating the statute—such as "where a floor mosaic is from," "its

style," "size," "condition," "period," and "provenance"—would amount to an unconstitutional amendment of the indictment. Indeed, the Ninth Circuit and other Courts of Appeals have repeatedly reversed convictions based on unconstitutional amendments where the indictment listed a specific means of violating an offense and the jury was permitted to reach a guilty verdict based on other, uncharged means.

For example, in *Howard v. Dagget*, 526 F.2d 1388 (9th Cir. 1975), the defendant was charged with inducing two specific women to engage in prostitution. *Id.* at 1389. At trial, the jury instructions allowed for a conviction based on additional women as well as the two women named in the indictment. *Id.* The identity of the alleged prostitutes was not an element of the offense, and so the "grand jury might have indicted appellant in a general allegation, without specifying the women[.]" *Id.* at 1390. But given that the indictment *did* name two specific women, "[t]o allow the jury to consider the evidence respecting the other alleged prostitutes was to allow the jury to convict of a charge not brought by the grand jury." *Id.* The Court therefore reversed the conviction. *Id.*

Similarly, in *United States v. Wozniak*, 126 F.3d 105 (2d Cir. 1997), the Court reversed for a constructive amendment where the indictment specifically named cocaine and methamphetamine but the jury instructions allowed for a conviction for marijuana, even though "the indictment could have charged Wozniak generally with offenses involving controlled substances . . . without mention of any specific drug." *Id.* at 109-110. And in *United States v. Leichtnam*, 948 F.2d 370 (7th Cir. 1991), the Court found a constructive amendment where the indictment listed a specific gun but the trial evidence included additional guns, even though "the government could easily have drawn up Leichtnam's indictment to charge him simply with having used or carried 'a firearm.'" *Id.* at 379.

Thus, it is immaterial to the constructive amendment analysis whether the indictment *could have* been written more generally; once a grand jury charged Mr. Alcharihi with one specific means of violating § 541's "quality" provision—

4

misrepresenting "what the mosaic depicted"—the Government cannot proceed to trial on other potential means of committing the offense. Mr. Alcharihi therefore respectfully seeks an order excluding any evidence going to other, uncharged means of misrepresenting a mosaic's quality. Specifically, he seeks an order excluding evidence going to the other theories the Government has previewed: evidence about "where a floor mosaic is from"; "its style"; . "size"; "condition"; "period"; and "provenance." (*See* Dkt. No. 60 at 9, 14, 19 (Government brief naming these other means).)

## IV. CONCLUSION

For the foregoing reasons, Mr. Alcharihi respectfully requests that the Court issue an order clarifying that the Government will not be permitted to introduce evidence going to uncharged means of violating 18 U.S.C. § 541.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 9, 2023         By  */s/ Joshua D. Weiss*
                                 ASHLEY MAHMOUDIAN
                                 ISABEL BUSSARAKUM
                                 JOSHUA D. WEISS
                                 Deputy Federal Public Defenders
                                 Attorney for MOHAMAD ALCHARIHI

5