# Exhibit 1 - 2/8/2023 Govt Expert Disclosure re: William F. Tarter



# United States Department of Justice

### United States Attorney's Office
### Central District of California

---

*Mark A. Williams*  
*Phone: (213) 894-3359*  
*E-mail: mark.a.williams@usdoj.gov*

*1300 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California 90012*

February 8, 2023

**VIA E-MAIL**

Isabel Bussarakum  
Ashley Mahmoudian  
Joshua Weiss  
Deputy Federal Public Defenders  
Federal Public Defender's Office  
321 E. 2nd St.  
Los Angeles, CA 90012

      Re:    United States v. Alcharihi  
                CR No. 20-307-GW

Dear Ms. Bussarakum, Ms. Mahmoudian, and Mr. Weiss:

      Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, on September 28, 2021, the government provided its initial disclosure regarding its intention to call certain experts at trial. On January 17, 2023, the government supplemented the initial expert disclosure to comply with the revisions to Rule 16(a)(1)(G). The government further supplements its prior letters, hereby disclosing that the government intends to introduce the testimony of Customs and Border Protection ("CBP") Import Specialist William F. Tarter, who has specialized knowledge in the classification and valuation of merchandise entering the United States. This testimony likely will supplant the previously disclosed testimony of CBP Import Specialist Heather Sparks.[1]

      The following paragraphs summarize the anticipated testimony of William F. Tarter, but please refer to the report cited below and attached for a more complete description of his background, training, experience, analysis, opinions, and bases and reasons for the opinions, all of which we anticipate the witness will testify about at trial.

---

[1] As noted with respect to Import Specialist Heather Sparks, we do not view the testimony of William F. Tarter as "expert testimony" per se because he will primarily testify concerning facts, investigative steps, and the importation process associated with the Mosaic at issue in this case. We are designating CBP Specialist William F. Tarter as an expert out of an abundance of caution.

Bussarakum / Mahmoudian / Weiss
RE:  U.S. v. Alcharihi
February 8, 2023
Page 2

      We anticipate that Mr. Tarter will testify regarding his review of the import documents associated with the Mosaic, including the CBP Form 7501, as well as his experience with imports in general.  Mr. Tarter will testify that with respect to artwork and items of cultural import, the correct value to declare is the amount an importer anticipates the artwork would be valued at auction.  Mr. Tarter will testify that CBP consults experts at Art Recovery International, an investigation firm that specializes in the recovery of stolen and/or looted works of art, to determine the value and authenticity of artwork and related imports.

      With respect to the CBP Form 7501, Mr. Tarter will testify that the Country of Origin for the Mosaic was listed as Israel, and that the importer failed to pay certain fees associated with the import. Mr. Tarter will testify that had the Country of Origin been listed as Syria or Turkey, the import would have been scrutinized and held for further processing, with a likely request for additional supporting documentation and contact made to other government agencies, including the Department of State.

      Mr. Tarter will testify that on or around September 25, 2013, the International Council of Museums issued an emergency red list regarding Syrian cultural objects at risk, which alerted law enforcement and customs officials to certain items trafficked from Syria, including floor mosaics.  Mr. Tarter will also testify that the United Nations Security Council issued a resolution on or around February 12, 2015, condemning the pillaging of cultural artifacts from Syria.  And Mr. Tarter will explain that on August 15, 2016, CBP issued an amendment to its policies regarding the importation of cultural artifacts from Syria.

      Mr. Tarter will explain that importers must classify the goods imported into the United States using the Harmonized Tariff Schedule ("HTSUS").  Mr. Tarter observed that the classification used in the CBP Form 7501 with respect to the mosaic was N6907.10.0000.  Mr. Tarter will explain that the "N" used in the CBP Form 7501 refers to a trade agreement of which Israel—the listed country of origin—is a part.  Mr. Tarter will explain that 6907 refers to Chapter 69 of the HTSUS, which covers commercial ceramics.  Mr. Tarter will explain that Chapter 69 does not cover works of art or items of cultural import.  Mr. Tarter will explain that Chapter 97 of the HTSUS should have been used because that chapter covers works of art, including floor mosaics exceeding 100 years.  Mr. Tarter will testify that import specialists scrutinize imports classified under Chapter 97.  Mr. Tarter will testify that the company or individual importing artwork and items of cultural import under Chapter 97 are also scrutinized.  Mr. Tarter will testify that an importation of artwork under Chapter 97 by an unknown importer—i.e., not a known museum or art gallery—would also be scrutinized.

      Mr. Tarter will also testify that a Formal Entry is required for imports that exceed $2,500.  Mr. Tarter will explain that if an importer uses an informal entry, the importer is required to appear in person to fill out a simplified form and receive clearance in the presence of a CBP officer.  Moreover, Mr. Tarter will testify that by using a Formal Entry, in his experience, importers are stating they have nothing to hide.  Mr. Tarter will explain that if an importer declared an item to be worth $10,000.00 or more, he would give the import more scrutiny.

Bussarakum / Mahmoudian / Weiss
RE:  U.S. v. Alcharihi
February 8, 2023
Page 3

Mr. Tarter will explain that paying $12,000 for one imported item but declaring the total value of all imported items to be $2,199 is considered false invoicing and constitutes providing false material information.  Mr. Tarter will explain that generally, undervaluing imported items can deprive the United States of revenues. Mr. Tarter will testify that had the correct value and country of origin been declared for the Mosaic import, the shipment would have received additional scrutiny by CBP.

The reasons and bases for Mr. Tarter's testimony are his training, experience, familiarity with facts and evidence in this case, and his knowledge and experience concerning imports generally and the techniques antiquities smugglers use to avoid detection or scrutiny by U.S. authorities, among other topics identified. Further information regarding his anticipated testimony is attached hereto as **Exhibit A**, containing a report produced in discovery (ALC-GOV-028512 to ALC-GOV-028515); **Exhibit B**, containing a report produced in discovery (ALC-GOV-028516 to ALC-GOV-028516); and **Exhibit C**, email correspondence produced in discovery (ALC-GOV-028517- ALC-GOV-028527).

The government reserves the right to supplement this expert disclosure with additional information about any of the previously disclosed witnesses and/or their anticipated testimony prior to trial.  The government further reserves the right to replace any of the previously disclosed experts with a similarly qualified expert should the need arise and/or to provide supplemental expert witnesses should it be deemed necessary.  In addition, if your case on defense raises any issues that these experts are qualified to address, we may also ask these witnesses to testify on rebuttal.

If you have any questions or concerns, or would like to discuss further, please feel free to contact us.

Very truly yours,

/s/

MARK A. WILLIAMS
MATHEW W. O'BRIEN
MAXWELL COLL
Assistant United States Attorneys

CHRISTIAN A. LEVESQUE
Trial Attorney
U.S. Department of Justice