1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  ASHLEY MAHMOUDIAN (Bar No. 316638)
   (E-Mail: ashley_mahmoudian@fd.org)
3  ISABEL BUSSARAKUM (Bar No. 295046)
   (E-Mail: isabel_bussarakum@fd.org)
4  JOSHUA D. WEISS (Bar No. 338918)
   (E-Mail: Josh_Weiss@fd.org)
5  Deputy Federal Public Defenders
   321 East 2nd Street
6  Los Angeles, California 90012-4202
   Telephone: (213) 894-2854
7  Facsimile: (213) 894-0081

8  Attorneys for Defendant
   MOHAMAD ALCHARIHI
9

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                WESTERN DIVISION

14

| | |
|---|---|
| 15 UNITED STATES OF AMERICA, | Case No. CR 20-307-GW |
| 16         Plaintiff, | **DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE** |
| 17      v. | **DEFENDANT'S PRIOR CONDUCT UNDER RULES 403 AND 404,** |
| 18 MOHAMAD ALCHARIHI, | **Hearing Date: 4/20/2023** |
| 19         Defendant. | **Hearing Time: 10:00 a.m.** |

20

21        Defendant Mohamad Alcharihi, by and through his counsel of record, hereby

22  moves this Court to exclude evidence of Mr. Alcharihi's prior conduct on the grounds

23  that such evidence is inadmissible under Rules 403 and 404 of the Federal Rules of

24  Evidence.

25      //

26      //

27      //

28      //

       //

1    The motion is based upon this notice, attached memorandum of points and
2    authorities, argument and evidence in the record, and all other arguments, authorities,
3    and exhibits that may be provided in support of this motion and at any other hearing on
4    this motion.

5                                        Respectfully submitted,

6                                        CUAUHTEMOC ORTEGA
                                         Federal Public Defender
7

8

9    DATED:  March 9, 2023              By  /s/ Ashley S. Mahmoudian

10                                       ASHLEY MAHMOUDIAN
                                         ISABEL BUSSARAKUM
11                                       JOSHUA D. WEISS
                                         Deputy Federal Public Defenders
12                                       Attorney for MOHAMAD ALCHARIHI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mohamad Alcharihi is charged with violating 18 U.S.C. § 541. The defense anticipates that the government will attempt to elicit testimony regarding the following prior conduct in order to prove Mr. Alcharihi's motive, intent, knowledge and/or absence of mistake or accident regarding his importation of the mosaic in the instant matter. Because the evidence has no bearing on the instant offense, is improper 404(b) evidence, is not inextricably intertwined with the instant offense, and would violate Rule 403, the Court should preclude the government from presenting this evidence at trial.

## II. THE EVIDENCE

The defense believes the government will attempt to elicit the following prior conduct evidence.

### A.    The Use of Witness's Business, Affiliated Bank Account, and Loan

From about 2015 to 2018, Mr. Alcharihi and his friend Dr. Timur Pogodin were involved in a car export business. Mr. Pogodin loaned approximately $20,000 to Mr. Alcharihi, who purchased used cars at auctions and exported the purchased cars to the continent of Africa for resale. Mr. Alcharihi's proceeds from the sales were used to pay back Mr. Pogodin. The used car export business was run under Mr. Pogodin's fictitious business name AERONIX. AERONIX also had an associated Wells Fargo Bank business account ("bank account"). Mr. Pogodin stated that Mr. Alcharihi was the only person who controlled and conducted business using the bank account.

In 2015, Mr. Pogodin wrote two $20,000 checks from his personal Citibank bank account made out to AERONIX and deposited into the bank account. One installment of $20,000 was used to fund the used car export business. Mr. Pogodin stated that in approximately 2016, Mr. Alcharihi informed Mr. Pogodin about a mosaic he planned to import and restore and sent Mr. Alcharihi a photo of the mosaic via text message. The two periodically texted about the mosaic and Mr. Pogodin inquired about the "mosaic

1

business." During that time, Mr. Alcharihi asked Mr. Pogodin to loan him money for the mosaic. Mr. Pogodin loaned Mr. Alcharihi the second installment of $20,000 via check. The second installment was to be used to fund the restoration of the mosaic. Mr. Pogodin and Mr. Alcharihi created a written agreement for the two loans. Mr. Pogodin stated Mr. Alcharihi told him the total restoration of the mosaic would cost $40,000.

Mr. Alcharihi paid Mr. Pogodin back in monthly installments of $500. In 2016, a check was made out to Miotto Mosaic Art Studios; the memo section noted "restoring a mosaic." In 2018, Mr. Pogodin instructed Mr. Alcharihi to close the bank account after the results of an audit by the Internal Revenue Service resulted in a $11,000 assessment against AERONIX and Mr. Pogodin.

**B.     The Sale of Gold Coins**

In 2015, Mr. Alcharihi inquired via email about listing approximately 50 gold coins at Heritage Auctions. He described the coins as "Byzantine." Heritage Auctions accepted the listing and sold the coins at auction. The coins sold at auction for prices ranging from $120 to $600 each.

**C.     The Email Inquiry Regarding Objects and Statues**

In August of 2015, Mr. Alcharihi sent two emails with photographs of a series of objects and statues. In one of the emails Mr. Alcharihi described the three objects as "found in Khan Dannon 20 miles southern Damascus Syria" and possibly made of meteorite. The second email was regarding a statue "found in Horan, 50 miles southern of Damascus the item is in Saudi Arabia right now." Mr. Alcharihi signed both emails with "let me know."

**D.     The Sale of Vases/Fountains[1]**

Mr. Alcharihi's neighbor, Lorenzo Ortega, stated that Mr. Alcharihi asked him to help list imported vases/fountains for sale on eBay and Craig's List. Mr. Alcharihi told Mr. Ortega the vases/fountains were imported from Turkey. Mr. Ortega never

---

[1] Multiple witnesses and law enforcement agents refer to the objects as vases and/or fountains interchangeably.

2

completed the sales listings for Mr. Alcharihi. Some of the vases/fountains remained in Mr. Ortega's garage.

**E.     The Inquiry Regarding Purchase and Donation of a Mosaic**

In December 2018, Mr. Alcharihi wrote to eBay user "Aphrodite Antiquities" inquiring about an item posted on eBay described as an "ancient Roman mosaic of two theatrical masks." Mr. Alcharihi wrote "Hello there My wife and I want to buy this item to donate to a museum and trying to get a write off tax. I need you to send to us a copy of all papers and documents for this item to pure file a donation presseedure [sic]."

## III. LEGAL STANDARD

**A.     Prior Acts Are Generally Inadmissible Under Federal Rule of Evidence 404(b)**

Federal Rule of Evidence ("Rule") 404(b)[2] excludes evidence of uncharged crimes, wrongs, or acts to prove a person's character in order to show that the person acted in accordance with that character. Fed. R. Evid. 404(b)(1). The rule permits the evidence to be admitted for a different purpose, however, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the government advances before trial its theory of admissibility and carries its burden of satisfying the requirements for the admission of such evidence. *Id*.

As the Third Circuit noted, "Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility . . . .'". *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:28, at 731 (4th ed. 2013) (emphasis added)). Indeed, the Ninth Circuit has urged great caution in admitting evidence under Rule 404(b):

> [E]xtrinsic acts evidence "is not looked upon with favor" and . . . its use "must be narrowly circumscribed and limited." [A] reluctance to sanction the use of evidence of other crimes stems

---

[2] All further references to "Rule" are to the Federal Rules of Evidence.

3

from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

*United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (internal citation omitted) (emphasis added); see also United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir. 1993) (a criminal defendant "must be tried for what he did, not who he is"); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013-14 (9th Cir. 1995) (same); *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (same). The crux of the rule is that "evidence of prior bad acts or crimes may not be used to prove that a defendant has a propensity to commit the crime charged." *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1995).

In other words, the evidence must be "probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). In advancing a legally admissible theory, the government may not simply "conjure up a proper purpose—[it] must also establish a chain of inferences no link of which is based on a propensity inference." *United States v. Smith*, 725 F.3d 340, 345 (3d Cir. 2013). "The government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime." *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002).

In order to admit evidence pursuant to Rule 404(b), it is the government's burden to establish that the proffered evidence "(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence [to support a finding that the defendant committed the other act], and (4) is not too remote in time." *United States v.*

4

*Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). The government is required to

"'articulate precisely the evidential hypothesis by which a fact of consequence may be

inferred from the other acts evidence.'" *United States v. Mayans*, 17 F.3d 1174, 1181

(9th Cir. 1994) (quoting *United States v. Mehrmanesh*, 689 F.2d 922, 830 (9th Cir.

1982)). "If the evidence meets this test under Rule 404(b), the court must then decide

whether the probative value is substantially outweighed by the prejudicial impact under

Rule 403." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (internal

quotation marks omitted).

**B.     Inextricably Intertwined Evidence is a Limited Exception to the
         Inadmissibility of Other Acts Evidence**

The Ninth Circuit has recognized two categories of cases in which other acts

evidence is inextricably intertwined with the charged offense and therefore does not

need to comply with the requirements of Rule 404(b). The first is when the evidence

"constitutes a part of the transaction that serves as the basis for the criminal charge."

*United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (citation

omitted). The second is when "it was necessary to do so in order to permit the

prosecutor to offer a coherent and comprehensible story regarding the commission of

the crime." *Id*. at 1012-13. However, the Ninth Circuit has cautioned that the doctrine

allowing introduction of "other acts" evidence on the theory that the other acts are

"inextricably intertwined" with the charged crime "should be applied narrowly . . .".

*United States v. Hill*, 953 F.2d 452, 457 n.1 (9th Cir. 1991) (noting that the "looseness"

with which the doctrine has been applied has "[lent] too many opportunities for its

abuse"). The District of Columbia Circuit has similarly criticized the evolution of the

"inextricably intertwined" doctrine, observing that, "[s]o far as we can tell, the only

consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule

404(b)'s notice requirement and the court of its obligation to give an appropriate

limiting instruction upon defense counsel's request." *United States v. Bowie*, 232 F.3d

923, 927 (D.C. Cir. 2000). "There is, as well, a danger that finding evidence

'inextricably intertwined' may too easily slip from analysis to mere conclusion." *Id*. at 928.

## C.   The Government Must Notice Evidence Under 404(b)

Rule 404(b)(3) requires the government to provide reasonable written notice, before trial, of any prior conduct evidence it intends to offer at trial, so that the defendant has a fair opportunity to meet it. The government must articulate the permitted purpose for which it intends to offer the evidence and the reasoning.

## D.   Otherwise Admissible Evidence Must Still be Excluded if it Violates Rule 403

Rule 403 also requires exclusion where the probative value of the otherwise admissible evidence is substantially outweighed by the danger of unfair prejudice, confusing issues at trial, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403; *see also United States v. Lignelli*, No. 11-CR-234, 2014 WL 2002294, at *3 (W.D. Pa. May 15, 2014) (excluding evidence in a bank fraud trial of alleged misconduct involving three uncharged properties because the evidence would double the scope of the trial, and "the evidence (and the jury) must remain focused on the three appraisals for which [the defendant] faces the criminal charges in the Indictment"); *Wilson v. Maricopa County*, No. CV-04-2873 PHX-DGC, 2007 WL 686726, at *13 (D. Ariz. Mar. 2, 2007) (excluding evidence under Rule 403 regardless of its admissibility under Rule 404(b) where "[t]he case would devolve into a series of mini-trials concerning the relevancy and outcome of these other cases, resulting in an unnecessarily lengthy trial for the parties, the Court, and the jury"). As to a criminal defendant, "unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In other words, unfairly prejudicial evidence is that having "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. (citation and internal

6

1  quotation marks omitted). The probative value of evidence against a defendant is low

2  where the evidence does not go to an element of the charge. *See United States v. Ellis*,

3  147 F.3d 1131, 1135 (9th Cir. 1998); *United States v. Arambula–Ruiz*, 987 F.2d 599,

4  604–05 (9th Cir. 1993).

5  **IV. ARGUMENT**

6  **A.   The Government Failed to Notice Evidence Under 404(b)**

7  As of the filing of this motion, the government has failed to provide the defense

8  notice as required by 404(b)(3) for all of the foregoing evidence. For this reason, the

9  Court should exclude the evidence of Mr. Alcharihi's prior acts.

10  **B.   The Use of Witness's Business and Bank Account**

11  The use of a fictitious business name, its affiliated bank account, and a monetary

12  loan from a friend should be excluded under Rule 404(b). Mr. Alcharihi is charged with

13  the importation of a falsely classified good, namely the mosaic at issue. Evidence that

14  Mr. Alcharihi's friend Mr. Pogodin loaned him money, and the use of Mr. Pogodin's

15  fictitious business AERONIX to run a car export business fails to meet the

16  requirements of Rule 404(b). The evidence does not prove a material element of the

17  offense for which the defendant is now charged. The evidence does not establish a

18  similar intent as that required by the charged offense, a common scheme or plan,

19  opportunity, preparation, knowledge, identity, absence of mistake or accident, nor is it

20  probative of motive in the instant case.

21  Furthermore, the evidence does not "constitute[] a part of the transaction that

22  serves as the basis for the criminal charge[,]" nor is its admission "necessary. . . in

23  order to permit the prosecutor to offer a coherent and comprehensible story regarding

24  the commission of the crime." The evidence does not reference any of the means or

25  motive allegedly underlying the instant charges. The government does not need to

26  present this evidence in order to convince a fact-finder that Mr. Alcharihi imported a

27  mosaic.

28

7

Even if the evidence were admissible under Rule 404 or as inextricably intertwined with the charged offense, the Court should still exclude the evidence under Rule 403. Details about a business entity, bank account, and loan from a friend creates a substantial risk that the fact-finder will convict Mr. Alcharihi based not on the charged conduct but because of the prejudicial nature of such allegations. Further, this evidence creates a risk of confusing issues at trial, misleading the jury, undue delay, and unfair prejudice. These risks substantially outweigh any slight probative value the evidence may have. The evidence must be excluded.

## C. The Sale of Gold Coins

Evidence of the sale of gold coins via auction house has nothing to do with the instant offense and fails to meet the requirements of 404(b). This case requires that Mr. Alcharihi "knowingly" misclassify the value of the mosaic. The evidence of sales of gold coins does not prove a material element of the offense for which the defendant is now charged, and does not establish a similar intent. Evidence of the sales of gold coins does not establish knowledge, a similar intent, motive, a common scheme or plan, opportunity, preparation, identity, absence of mistake or accident, nor is it probative of motive in the instant case. Also, the government has not shown how this evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d at 1012. Moreover, the government cannot articulate why the evidence is "necessary… to permit the prosecutor" to offer a coherent trial narrative. *United States v. Rrapi*, 175 F.3d 742, 758-49 (9th Cir. 1999). Finally, the evidence should be excluded under Rule 403. Details about prior sales of items creates a risk of confusing issues at trial, misleading the jury, wasting time, undue delay, and unfair prejudice. These risks substantially outweigh any probative value the evidence may have and must be excluded.

## D. The Emails Inquiry Regarding Objects and Statues

The evidence of Mr. Alcharihi inquiring about objects and statues via two emails should be excluded. The emails solicit general feedback about the items. The email

8

inquiries do not prove a material element of the offense, are not similar to the offense charged, and are not based on evidence to support that Mr. Alcharihi committed the other act. The email evidence does not prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The evidence also does not serve as a basis for the instant charges and is not necessary in order to permit the government to offer a coherent trial narrative. The government can prove its case in compelling fashion without the evidence; it does not need vague, extrinsic conduct to bolster its case. Finally, the evidence should be excluded under Rule 403 because it is more prejudicial than probative and will cause unfair prejudice, confuse the issues, mislead the jury, and present needlessly cumulative evidence.

**E.     The Sale of Vases/Fountains**

The evidence of Mr. Alcharihi asking his neighbor Mr. Ortega to help him list imported vases/fountains for sale on eBay and Craig's List should be excluded under Rule 404(b). The evidence does not prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The government has not shown the evidence establishes a part of the transaction that is the basis for the instant offense, and it has not articulated why the evidence is necessary to offer a coherent trial narrative. The evidence must be excluded under Rule 404.

Again, even if the evidence were admissible under 404 or as inextricably intertwined with the charged offense, the Court should still exclude the evidence under Rule 403. This evidence creates a risk of confusing issues at trial, misleading the jury, undue delay, presenting needlessly cumulative evidence, and unfair prejudice. These risks substantially outweigh any slight probative value the evidence may have and must be excluded.

**F.     The Inquiry Regarding Purchase and Donation of a Mosaic**

Evidence regarding Mr. Alcharihi's inquiry to purchase and donate a mosaic should be excluded under Rule 404(b). The evidence does not establish a similar intent, motive, a common scheme or plan, opportunity, preparation, knowledge, identity,

absence of mistake or accident, nor is it probative of motive in the instant case. The government has not shown how this evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d at 1012. Moreover, the government cannot articulate why the evidence is necessary for the trial narrative. The evidence should also be excluded under Rule 403 because it risks confusing the issues at trial, misleading the jury, wasting time, undue delay, and unfair prejudice. These risks substantially outweigh any probative value the evidence may have and must be excluded.

## V. CONCLUSION

For the foregoing reasons, given the government's failure to provide the requisite Rule 404(b) notice, the Court should exclude the evidence of Mr. Alcharihi's prior acts. In the alternative, Mr. Alcharihi respectfully seeks an order clarifying that the Government will not be permitted to introduce evidence going prior conduct, inadmissible under Rules 403 and 404 of the Federal Rules of Evidence.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 9, 2023          By  */s/ Ashley S. Mahmoudian*

ASHLEY MAHMOUDIAN
ISABEL BUSSARAKUM
JOSHUA D. WEISS
Deputy Federal Public Defenders
Attorney for MOHAMAD ALCHARIHI

10