E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/1785
     E-mail:    Mark.A.Williams@usdoj.gov
                Matthew.O'Brien@usdoj.gov
                Maxwell.Coll@usdoj.gov

KENNTEH A. POLITE
Assistant Attorney General
Criminal Division
CHRISTIAN A. LEVESQUE (D.C. Bar No. 501778)
Trial Attorney
Human Rights and Special Prosecutions Section
United States Department of Justice
     1301 New York Ave
     Washington, DC 20530
     Telephone: (202) 538-2373
     E-mail:    Christian.Levesque@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-307-GW |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING MEANS OF VIOLATING 18 U.S.C. § 541 THAT ARE NOT CHARGED IN THE INDICTMENT |
| v. | |
| MOHAMAD YASSIN ALCHARIHI, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi, | |
| Defendant. | Hearing Date: April 20, 2023<br>Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the<br>             Hon. George H. Wu |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Matthew O'Brien, and Maxwell Coll, and Trial Attorney Christian Levesque, hereby files its opposition to defendant's motion in limine to exclude evidence regarding means of violating 18 U.S.C. § 541 that are not charged in the indictment (Dkt. No. 76.)

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 23, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
MAXWELL COLL
Assistant United States Attorneys

KENNETH A. POLITE
Assistant Attorney General
Criminal Division

_____/s/_____
CHRISTIAN A. LEVESQUE
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant MOHAMAD YASSIN ALCHARIHI ("defendant") attempts to relitigate an issue on which the Court already ruled. In January 2023, the Court rejected defendant's request to prevent the government from proving at trial that he effected the importation of the Mosaic by misrepresenting its quality. Apparently displeased with the Court's ruling, defendant frames this motion in limine (the "Motion") as a request to exclude the same evidence. But defendant does not cite a single rule of evidence or any case about the admissibility of evidence. The Court should deny this thinly-veiled motion for reconsideration.

Defendant's latest attempt to exclude "evidence going to quality about where a floor mosaic is from; its style; size; condition; period; and provenance" fails for three reasons. (Dkt. 76 at 3 (internal quotations omitted).) First, as the Motion does not dispute, all of the same evidence is inextricably intertwined with the Mosaic's value, which will be a central issue at trial. Accordingly, such evidence will be admitted regardless of the Court's rulings as to "quality." The Motion does not argue otherwise, raising further doubts as to the purpose of the Motion.

Second, even if the Court were to focus solely on "quality," the same evidence still would be admissible. What the Mosaic depicts is inextricably intertwined with the Mosaic's style, size, condition, period, origin, and provenance. Defendant's misconduct illustrates this point: he lied about what the Mosaic depicted at the same time he was concealing that the Mosaic was a Roman antiquity. Defendant's overlapping deceptions highlight how the subject matter of the Mosaic

is inseparable from other aspects of its quality, like its age and condition. The Court already ruled that the government may introduce expert testimony about the quality of the Mosaic, including what it depicts; such testimony will be grounded in the same evidence the Motion seeks to exclude here.

Finally, defendant's flawed constructive-amendment argument can be addressed when the Court rules on jury instructions.

## II. BACKGROUND

### A. Defendant's Scheme

As detailed in the government's opposition to the motion to strike allegations from the indictment (Dkt. 60) and the government's motion <u>in</u> <u>limine</u> to admit the Mosaic (Dkt. 62), defendant told his customs broker that he was importing the mosaic on the left (a modern mosaic depicting fish in a pond), when in fact he was importing the Mosaic on the right (a 2,000-year-old, one-ton, 18-by-8-foot Roman antiquity from Syria).



*Figure 1: The mosaic that defendant claimed he was importing*



*Figure 2: The actual Mosaic that defendant imported*

As a result of this misrepresentation and others (including defendant's claim that the Mosaic was worth only a few hundred dollars), defendant's customs broker did not declare the Mosaic as an

2

ancient work of art.  As a result, the Mosaic passed through Customs without receiving the scrutiny that an antiquity of dubious provenance normally would receive.

### B. The Court's Prior Rulings

The Court has twice ruled that the government may introduce evidence regarding the quality of the Mosaic.

First, on January 13, 2023, the Court denied defendant's motion to strike allegations in the indictment regarding the quality of the Mosaic.  (Dkt. 67.)  The Court ruled: "the Government asserted that it will be presenting at trial expert testimony vis-à-vis the quality issue which will include the subject as to what the mosaic depicts and how that relates to quality.  Consequently, the Court will allow such testimony[.]"  (Id. at 1.)

Second, on January 26, 2023, the Court granted the government's motion in limine to admit the mosaic as evidence at trial.  (Dkt. 70.)  In so holding, the Court noted that "the Government asserts that viewing the mosaic is germane to its experts' testimony regarding the provenance, value and quality of the artwork," and held that "[c]onsideration of the features of the mosaic is clearly relevant to evaluations of its value and quality, especially as expounded upon by experts in the field."  (Id. at 2.)

### III. ARGUMENT

#### A. The Evidence Defendant Seeks to Exclude as to "Quality" Is Independently Admissible as to "Value"

Defendant has never disputed the sufficiency of the government's allegation that he effected the importation of the Mosaic by misrepresenting its value.  Instead, defendant has attacked the "quality" prong of the indictment.  But the same evidence underlies

3

both the Mosaic's value and quality. Where the Mosaic is from, its style, size, condition, period, and provenance are the bases for its value as well as its quality.

Accordingly, even if the Court were to grant the Motion (it should not), the jury would see and hear all of the same evidence because the Mosaic's style, size, origin, condition, period, and provenance are intertwined with the Mosaic's value. Indeed, in the Order denying defendant's motion to strike, the Court reasoned that "it was clear to the Court that the issues (and evidence) of value and quality are (or at least can be) intertwined." (Dkt. 67 at 1.) Because the Mosaic's style, size, origin, condition, period, and provenance all weigh on its value, the Motion is seeking to exclude evidence as to "quality" that is independently admissible as to "value."

**B. Even Focusing Solely on "Quality," the Same Evidence Is Admissible**

Even if the Court were to ignore the issue of the Mosaic's value (it should not), the disputed evidence still would be admissible. The Mosaic's quality is not limited to what it depicts, but rather encompasses its style, size, origin, condition, period, and provenance.

The Court's prior rulings, common sense, and the wording of the indictment dictate that the government's case as to "quality" should not be limited to what the Mosaic depicts. The Court already ruled that the government may elicit expert testimony as to the quality of the Mosaic. Expert testimony addressing how the subject matter of the Mosaic – a scene from Greek mythology – contributes to the Mosaic's quality will necessarily cover the intertwined issues of

4

where the Mosaic is from, how old it is, and why its stylistic features corroborate its origin and age.  An expert cannot opine about the subject matter of the Mosaic in a contextual vacuum.  Nor should the jury.

For example, the government's expert as to the Mosaic's quality, Dr. Eric Doehne, is expected to testify about how the weathering, composition, and styling of the tesserae comprising the Mosaic – in addition to its subject matter – led him to conclude that the Mosaic is ancient and from Syria.  The subject matter of the Mosaic was just one factor of many in Dr. Doehne's analysis; limiting his testimony to that one factor would make no sense and would artificially undermine the credibility of his conclusions.[1]

Defendant's decision to send a photo of a very different mosaic to his customs broker illustrates why all of the disputed evidence is intertwined.  When defendant sent the photo of a new, modern mosaic depicting fish in a pond, he was misrepresenting not only the subject matter of the piece but also how old it was, its condition, and where it was from.  This was not an accident; defendant was concealing that he was importing a valuable Roman antiquity from Syria in order to avoid scrutiny from Customs.  Just as defendant's deception was not limited to what the Mosaic depicted, the government should not be constrained in explaining the breadth and significance of defendant's deception as to the Mosaic's quality.

Defendant's argument about the wording of the indictment is convoluted.  On the one hand, defendant has argued that the word

---

[1] To reiterate, the same testimony is admissible as to the Mosaic's value.  A genuine, ancient mosaic is worth far more than a modern replica.

5

"quality" unambiguously means "the degree of excellence of one good compared to another good of its kind." (Dkt. 59 at 9.) On the other hand, defendant now argues that the meaning of quality must be limited to what the mosaic depicts, despite the indictment's use of the word "including." (Dkt. 76 at 5.) Defendant cannot have it both ways. If – as defendant has argued – the meaning of "quality" unambiguously means "the degree of excellence of one good compared to another good of its kind," then the indictment clearly charges defendant with misrepresenting the degree of excellence of the Mosaic, including what it depicts. Based on defendant's own arguments, there is no "guess[ing] as to what was in the minds of the grand jury at the time they returned the indictment . . . ." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). According to defendant, the meaning is unambiguous.

An indictment must be read in its entirety and construed with "common sense and practicality." United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (citing United States v. Alber, 56 F.3d 1106 (9th Cir. 1995)). Defendant has already admitted that a common-sense interpretation of quality is a good's degree of excellence. A work of art's degree of excellence includes its style, size, origin, condition, period, and provenance.

### C. The Court Can Address Defendant's Misplaced Argument About Constructive Amendment When It Rules on Jury Instructions

The Court should address any argument about constructive amendments to the indictment after the parties submit proposed jury instructions. In seeking to exclude evidence here, defendant muddles the law on variances versus constructive amendments. By focusing on the evidence admissible at trial via a motion in limine, defendant

6

actually complains about an anticipated variance - not a constructive amendment. This twisted approach makes no sense where the evidence at issue is relevant to the charge.

Here, through a motion in limine, defendant appears to argue that if the government is allowed to introduce evidence of the Mosaic's style, size, origin, condition, period, and provenance, such proof would diverge from the charge in the indictment that defendant knowingly misrepresented the quality of the mosaic. But defendant does not argue that this evidence is inadmissible under Federal Rule of Evidence 403. Nor could he – the evidence is clearly admissible given how the evidence weighs on the Mosaic's value.

If the Court has concerns about what the indictment allows the jury to determine with respect to misrepresentations about quality, the proper way to address the limits of the indictment is through jury instructions, not a motion in limine.

Defendant's cited cases do not save the flawed motion. Defendant relies on Howard v. Dagget, 526 F.2d 1388 (9th Cir. 1975), but that case does not involve any evidentiary ruling; rather, the decision addresses the district court's jury instruction after receiving a jury note. In Howard, the jury's note evinced actual confusion as to which of the defendant's victims could be the basis of conviction for promoting prostitution, where the indictment named two victims but the evidence at trial included other victims. Id. at 1390. The district court responded to the note by authorizing the jury to disregard the language of the indictment naming specific victims, thereby "permit[ting] the jury to convict appellant on the basis of evidence introduced at trial regarding women other than the two named in the indictment." Id. Howard thus addresses the

district court's instruction to the jury that constructively amended the indictment, not the district court's evidentiary decisions allowing testimony about victims other than those named in the indictment.

Similarly, in Stirone v. United States, 361 U.S. 212 (1960), the defendant was charged with interfering with interstate shipments of sand into Pennsylvania, but the evidence also demonstrated defendant's interference with interstate shipments of steel out of Pennsylvania, and the district court instructed the jury that it could convict based on either theory. Id. at 213-14, 217. The defendant's conviction was reversed because it was impossible to know which theory the jury relied upon in reaching its verdict. See id. at 217-19. Stirone does not hold that the court erred in allowing evidence about the shipments of steel – the case is about the district court's jury instruction as compared to the language in the indictment.

Finally, defendant's reliance on United States v. Wozniak, 126 F.3d 105 (2d Cir. 1997), and United States v. Leichtnam, 948 F.2d 370 (7th Cir. 1991), are similarly misplaced. Those cases also address the district court's jury instructions as constructively amending the indictments. They do not hold that the district court should have excluded any evidence from trial.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the Motion in its entirety.