CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ASHLEY MAHMOUDIAN (Bar No. 316638)
(E-Mail: ashley_mahmoudian@fd.org)
ISABEL BUSSARAKUM (Bar No. 295046)
(E-Mail: isabel_bussarakum@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Josh_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MOHAMAD ALCHARIHI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMAD ALCHARIHI,<br><br>Defendant. | Case No. CR 20-307-GW<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING UNCHARGED MEANS OF VIOLATING 18 U.S.C. § 541**<br><br>**Hearing Date: 4/20/2023**<br>**Hearing Time: 8:00 a.m.** |

Defendant Mohamad Alcharihi, by and through his counsel of record, hereby files this reply in support of his motion *in limine* for an order clarifying that the

//
//
//
//
//

Government will not be permitted to introduce evidence going to uncharged means of violating 18 U.S.C. § 541.

                                         Respectfully submitted,

                                         CUAUHTEMOC ORTEGA
                                         Federal Public Defender

DATED: April 6, 2023                By  */s/ Joshua D. Weiss*
                                         ASHLEY MAHMOUDIAN
                                         ISABEL BUSSARAKUM
                                         JOSHUA D. WEISS
                                         Deputy Federal Public Defenders
                                         Attorney for MOHAMAD ALCHARIHI

## I. INTRODUCTION

The indictment charged one specific means of violating the "quality" provision of 18 U.S.C. § 541, namely that Mr. Alcharihi misrepresented "what the mosaic depicted." (Dkt. No. 1 at 2.) In its opposition here, the Government confirms that at trial it will attempt to prove a violation of the quality provision based on a sweep of other means that were not alleged in the indictment, namely that Mr. Alcharihi misrepresented "[w]here the Mosaic is from, its style, size, condition, period, and provenance." (*E.g.*, "Opp.," Dkt. No. 87, at 4.) As addressed in Mr. Alcharihi's motion in limine, permitting the Government to introduce evidence and argue to the jury that Mr. Alcharihi violated the quality provision based on these uncharged means of committing the offense would amount to a textbook unconstitutional amendment of the indictment. (*See* "Motion," Dkt. No. 76, at 3-5 (discussing *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999); *Howard v. Dagget*, 526 F.2d 1388 (9th Cir. 1975); *United States v. Wozniak*, 126 F.3d 105 (2d Cir. 1997); *United States v. Leichtnam*, 948 F.2d 370 (7th Cir. 1991)).

The Government does not address the merits of this argument—it makes no attempt to distinguish its proposed deviation from the indictment from the deviations deemed unconstitutional in the above-cited cases. (*See* Opp. 6-8.) The Government instead claims that no Fifth Amendment concerns can arise from the Government's presentation of evidence. This sweeping claim lacks merit. The Ninth Circuit has specifically explained that an unconstitutional amendment may result from the Government's presentation of evidence and arguments. Similarly meritless is the Government's claim that this motion is practically irrelevant since any evidence going to the mosaic's quality will be independently admissible to prove the indictment's allegations as to value. Indeed, in its separate briefing regarding the admissibility William Tarter's testimony, the Government argues that portions of his proffered testimony are admissible only because they would prove uncharged means of violating the statute's quality provision, and not the value provision. The Court should issue an

order clarifying that the Government will not be permitted to introduce evidence or make arguments to the jury based on uncharged means of violating the "quality" provision of Section 541.

## II. ARGUMENT

### A. The Government will unconstitutionally amend the indictment if it introduces evidence and presents arguments to the jury regarding uncharged means of violating Section 541

The Government argues that only the Court's jury instructions can constructively amend the indictment, and that the Government's presentation of evidence and arguments to the jury cannot so violate the Fifth Amendment. (*See* "Opp.," Dkt. No. 87, at 6-8.) That is incorrect. The Ninth Circuit has explained that an unconstitutional constructive amendment occurs when the charging terms are altered either by the court—by way of jury instructions—*or* by the prosecution—through its presentation of evidence and arguments to the jury. As the Ninth Circuit explained, "[a]n amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, *by the prosecutor or a court* after the grand jury has last passed upon them." *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984) (emphasis added). Or, as one leading treatise put it, "a verdict is invalid if the *proof at trial* or the instructions differ too much from the indictment." Wright & Miller, 3 Fed. Prac. & Proc. Crim. § 516 (5th ed. 2022) (emphasis added). Stated otherwise, "There are two types of constructive amendment: first, where there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, and, second, where the crime charged in the indictment was substantially altered at trial[.]" *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (cleaned up). It is the first type of amendment at issue here; the Government apparently intends to attempt to prove the quality charge based on a sweep of allegations—a "complex of facts"—that are "distinctly different from those set forth" in the indictment. *Id.* The Government's apparent intention to introduce a sweep of

2

evidence going to uncharged means of violating Section 541 would thus amount to an unconstitutional amendment.

To be sure, the constitutional necessity of limiting the charge presented to the jury to the one returned by the grand jury will also animate Mr. Alcharihi's proposed jury instructions. But constitutionally sound jury instructions will not alleviate the separate Fifth Amendment concern that arises from the Government's apparent intent to broaden the charge through its presentation of evidence and arguments to the jury.

**B.  The trial must be limited to the specific charge in the indictment and cannot proceed based on uncharged means of violating the statute**

The Government's other arguments in opposition to the motion in limine are similarly meritless. The Government seems to argue that because the statutory term "quality" means the "degree of excellence of one good compared to another good of its kind," any evidence going to this statutory term must be admissible. (*See* Opp. 5-6.) This argument makes little sense. In all of the above-cited cases regarding unconstitutional constructive amendments, the courts held that the indictments narrowed the permissible grounds of conviction to the specific charges in the indictment, even though the charged *statutes* could have permitted liability based on a broader range of theories. So, for example, in *Wozniak*, the charged statute would have permitted a conviction based on any illegal drug, but because the indictment specifically named cocaine and methamphetamine, the Fifth Amendment limited the permissible basis of conviction to those substances. 126 F.3d at 109-110. An unconstitutional amendment occurred, and the Court reversed, because the trial proceedings allowed for a conviction based on other drugs that were covered by the statute but were not named in the indictment. *Id.* So too, here. While Section 541 refers generally to misclassifications of "quality," the Government cannot proceed to trial based on any conceivable means of violating the statute that it now wishes to argue. It must instead limit its trial presentation to the specific charge returned by the grand jury.

3

Moreover, because the jury's consideration must be limited to the charge named in the indictment, evidence going to other, uncharged means of violating Section 541 are irrelevant under Federal Rule of Evidence 401. And any probative value of evidence going to uncharged claims about the mosaic's quality—such as where "the Mosaic is from, its style, size, condition, period, and provenance," Opp. 4—will be substantially outweighed by the risk of prejudice, confusing the issues, and misleading the jury and thus inadmissible under Rule 403. Indeed, permitting the Government to introduce evidence about a broad sweep of uncharged allegations will confuse the narrow issue properly set for trial—whether Mr. Alcharihi violated the statute by the means charged in the indictment—and will mislead the jury into considering the Government's claims about uncharged means of violating the statute's quality provision.

The Court should thus enter an order excluding evidence and arguments regarding uncharged means of violating the statute's quality provision. Such an order is compelled by the Fifth Amendment and the rules of evidence.

**C.  The Government is incorrect in claiming that there is complete overlap between evidence going to the mosaic's value and quality—its own proffer regarding its potential expert witnesses' testimony shows that it intends to introduce evidence that is only relevant insofar as it proves uncharged means of violating the statute's "quality" provision**

The Government argues that the instant motion is practically irrelevant because any evidence going to the mosaic's quality will be independently admissible to prove the indictment's allegations regarding the mosaic's value. (Opp. 3-4.) But while there may indeed be some overlap in the evidence going to quality and value, the Government's sweeping claim that any evidence as to quality will be admissible based on the value allegations cannot moot this motion. For starters, based on the Government's opposition and prior briefing in this case, it appears that it intends to argue to the jury that it can reach a guilty verdict based on the quality allegation,

4

independently from the "value" allegation, and that it can do so based on a sweep of allegations that are not charged in the indictment. At the least, the Court should issue an order preventing the Government from so broadening the bases of conviction in its arguments to the jury.

Additionally, the Government's sweeping claim that any evidence as to quality will also be admissible based on the value allegations is rebutted by the Government's own attempts to prove that the testimony of its purported expert witness William Tarter's would be relevant to the crime charged. In its opposition to Mr. Alcharihi's motion to exclude Mr. Tarter's expert testimony, the Government argues that features of his testimony will be relevant specifically because they go to uncharged means of proving the quality allegations, not the value allegations. (*See* Dkt. No. 86 at 10.) Specifically, the Government states that Mr. Tarter will testify that "the quality of an imported good impacts which tariff classification the piece should receive. For example, Mr. Tarter will explain that when a work of art exceeds 100 years, an importer must use a specific tariff code." (*Id.*) That is, the Government argues that some of Mr. Tarter's testimony is relevant only because it goes to the quality allegation (and not the value allegation). Moreover, the Government's argument is that these aspects of Mr. Tarter's testimony are relevant to prove that a misrepresentation of the mosaic's age amounts to an actionable misclassification of quality. But the indictment charged one specific means of violation the quality provision—misrepresenting what the mosaic depicts—and the Government is here trying to introduce evidence going to the mosaic's age—an uncharged means of proving Section 541's quality provision.

The Government thus cannot avoid the issue by broadly claiming total overlap between its evidence going to value and quality. Indeed, its own proffer regarding Mr. Tarter's proposed expert testimony shows that some of its evidence is only relevant insofar as it proves uncharged means of violating Section 541's quality provision—and not to the value allegations. Mr. Alcharihi cannot predict all of the evidence the Government might attempt to introduce, but he seeks an order clarifying that the

5

Government will be precluded from introducing evidence or arguments whose sole relevance would be to uncharged means of violating Section 541.  During trial, he anticipates making timely objections where the Government attempts to lay a foundation for evidence based on such uncharged means and he here seeks an order clarifying that, generally, the Government will not be permitted to rely on those uncharged means when introducing evidence or arguing its case to the jury.

### III.  CONCLUSION

For the foregoing reasons, Mr. Alcharihi respectfully seeks an order clarifying that the Government will not be permitted to introduce evidence or arguments to the jury going to uncharged means of violating 18 U.S.C. § 541.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 6, 2023         By   */s/ Joshua D. Weiss*
ASHLEY MAHMOUDIAN
ISABEL BUSSARAKUM
JOSHUA D. WEISS
Deputy Federal Public Defenders
Attorney for MOHAMAD ALCHARIHI