# Exhibit 4 - FBI Report of Investigation re: March 2023 Interviews of Michael Cohn

FD-302 (Rev. 5-8-10)

- 1 of 3 -



**FEDERAL BUREAU OF INVESTIGATION**

Date of entry    03/24/2023

On March 20, 2023, Michael Cohn (Cohn), Art Appraiser, telephone number ███████, cellular telephone number ███████ was interviewed by Federal Bureau of Investigation (FBI) Special Agent (SA) Alyson Lundby, Assistant United States Attorney (AUSA) Mark Williams and AUSA Christian Levesque via telephone. After providing Cohn with the identities of the interviewing Agent and AUSAs and the nature of the interview, Cohn provided the following information:

[Agent note: This interview referenced two "Object Reports" previously prepared by Cohn. The first object report had an effective date of July 29, 2015 (Report 1) and the second object report had an effective date of August 13, 2015 (Report 2). Cohn did not review these documents prior to this telephonic interview.]

Cohn stated he was an appraiser and as an appraiser he provided an opinion on the value of a piece of art, but he is not an authenticator. In the reports he made certain assumptions regarding authenticity, but not from a specialty in this area. Based on Cohn's experience, he does have a sense of what might be an antiquity.

Cohn compared his art valuation method to that of a home restoration. Cohn said if you start with a house that is valued at $300,000 and then you put $100,000 worth of restoration into the house the final value could be $450,000 (vs. $400,000) because it increased the value as a whole of the entire house. In order to make a determination on the value of artwork pre or post restoration, he would need to see the report the restoration specialist prepared. Additionally, Cohn explained the cost of the restoration would also factor into his determination.

Cohn believed Report 1 was likely a draft of Report 2. Cohn explained Report 1 compared 3 different ancient mosaics (comps) and Report 2 added one more comp to make 4 total. Cohn needed to review the reports more thoroughly to determine if they represented a pre-restored state or post restoration value.

| Investigation on | 03/23/2023 | at | Los Angeles, California, United States (Phone) |

File # 374D-LA-6771634-302                                           Date drafted  03/23/2023

by   LUNDBY ALYSON JANE

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

ALC-GOV-028714

[Agent note: After this interview, Cohn was provided 2 documents related to the restoration of the mosaic by restorer Stephen Miotto. Those documents, along with Report 1 and Report 2, will be attached in the 1A.]

On March 22, 2023, Cohn was interviewed by FBI SA Alyson Lundby, AUSA Mark Williams and AUSA Christian Levesque via telephone. Cohn provided the following information:

The effective date means the date that you are connecting a value to the artwork. Cohn did both Report 1 and Report 2 in 2018, but both reports reflected a value of the mosaic before it was restored by Stephen Miotto (Miotto). This pre-restoration value listed an effective date of August 13, 2015 which was the date the mosaic was imported. Cohn's reports referenced the mosaic being restored, but that was merely to provide background on the mosaic.

On March 23, 2023, Cohn was interviewed by Federal Bureau of Investigation (FBI) Special Agent (SA) Alyson Lundby and AUSA Christian Levesque via telephone. Cohn provided the following information:

Cohn completed Report 2 in September 2018 with an effective date of August 13, 2015. Cohn confirmed the valuation in Report 2 represented the date the mosaic was imported and is valued at a state prior to Miotto restoring the mosaic. In 2018, Cohn examined the mosaic in-person after Miotto restored it. Cohn used his experience, conversations with Miotto and photos he viewed of the mosaic prior to the Miotto restoration to complete the valuation in Report 2. Cohn mentioned the mosaic had been previously restored in both reports. The previous restoration refers to the "historical" restoration that took place prior to it being imported and the other restoration referenced is the state it was in after Miotto restored the mosaic.

Cohn confirmed Report 1 was a draft of Report 2 as it had one less comp than the final valuation. Cohn used ranges when making valuations and starts with finding similar works of art to do market value comparisons. This is a very common technique for appraising artwork. Cohn said there must be a process or methodology to come to a valuation range because each work is unique and many variables are considered.

While the comp that was added to Report 2 is not the highest valued comp, it still raised the value of the mosaic from Report 1 because it provided a middle range. Typically the highest and lowest comps will be the outer limits, but there are a variety of factors to consider when making a valuation. Cohn said the size of the mosaic does not necessarily increase

the value by the exact ratio. For example, if one mosaic is double the size of another that does not mean it will have double the value. It could triple the value because it is more interesting or unique in a larger state. The value of $450,000 is the price Cohn was confident with at the point he made the valuation in September 2018 based on the market on that date.

Cohn is not an authenticator, but nothing was presented to him to say this piece was not authentic. Cohn appraises under the assumption a person has the right to the sell the piece.

Cohn did not provide an appraisal report for the mosaic in its current state of post-restoration, but after understanding from Miotto how much restoration was done and the cost of the restoration he could provide a hypothetical value.