CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ASHLEY MAHMOUDIAN (Bar No. 316638)
(E-Mail: ashley_mahmoudian@fd.org)
ISABEL BUSSARAKUM (Bar No. 295046)
(E-Mail: isabel_bussarakum@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Josh_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MOHAMAD ALCHARIHI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MOHAMAD ALCHARIHI, Defendant. | Case No. CR 20-307-GW<br><br>**DEFENDANT MOHAMAD ALCHARIHI'S REPLY TO MOTION *IN LIMINE* TO EXCLUDE DEFEDANT'S PRIOR CONDUCT UNDER RULES 403 AND 404**<br><br>Hearing Date: 4/20/2023<br>Hearing Time: 8:00 a.m. |

Defendant Mohamad Alcharihi, by and through his counsel of record, hereby files this reply in support of his motion *in limine* to exclude Defendant's prior conduct under Rules 403 and 404.

//

//

//

//

This reply is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence and argument the Court permits.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 6, 2023         By  /s/ Ashley Mahmoudian
                              ASHLEY MAHMOUDIAN
                              ISABEL BUSSARAKUM
                              JOSH WEISS

                              Deputy Federal Public Defenders
                              Attorney for MOHAMAD ALCHARI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The evidence of Mr. Alcharihi's prior conduct should be excluded for all the reasons stated in the Motion, including that it has no bearing on the instant offense, is improper 404(b) evidence, is not inextricably intertwined with the instant offense, and violates Rule 403. The government attempts to relieve itself of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction by couching improper 404(b) evidence as "direct evidence" or otherwise "inextricably intertwined" evidence of the charged conduct. For the reasons below, the evidence is neither direct, nor inextricably intertwined; accordingly, this Court should exclude all the evidence of Mr. Alcharihi's prior acts.

## II. ARGUMENT

### A. The Government Failed to Notice Evidence Under 404(b)

As of the filing of this brief, the government has again failed to provide the defense notice as required by Federal Rule of Evidence ("Rule") 404(b)(3)[1] for all of the foregoing evidence. The government attempts to skirt Rule 404(b)'s notice requirement by labeling the evidence as direct evidence or evidence that is "inextricably intertwined" with the charged offense. *See United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000). For this reason, the Court should exclude all evidence of Mr. Alcharihi's prior acts.

### B. The Evidence of Mr. Alcharihi's use of the Aeronix Fictitious Business Name, Bank Account, and Loan is Prior Conduct and Must be Excluded

The government incorrectly argues that Mr. Alcharihi's use of T.P.'s fictitious business name "Aeronix," bank account, and loan are direct evidence of the crime and

---

[1] All further references to "Rule" are to the Federal Rules of Evidence.

1

therefore do not fall under Rule 404(b) prior conduct. This evidence is not direct evidence; Mr. Alcharihi started multiple businesses by himself and with friends over the years. Mr. Alcharihi has an entrepreneurial spirit and has made many attempts over the years to create side businesses to supplement his income, including creation of a formula for soaps, a kabob press, and different import/export ventures to name a few. Some of these businesses, like the car export business Mr. Alcharihi started with T.P., required loans.[2] Mr. Alcharihi saw a potential opportunity with the car business. Evidence of the existence and use of the Aeronix business entity, affiliated bank account, and a loan is not direct evidence of a crime because it does not illustrate guilt; this evidence is impermissible character evidence under 404(b). Additionally, the government points to Mr. Alcharihi's "motive" in its discussion of T.P.'s loan to the business. (Opp. at 4.) Here, the government reveals it is presenting the evidence as 404(b) evidence, without properly noticing the defense. This language only further demonstrates that the evidence is indeed prior conduct evidence under Rule 404(b).

    Next, the government argues that if the evidence is not direct evidence, then at a minimum, it is "inextricably intertwined" with the charged offense. (Opp. at 3.) The aforementioned evidence is not inextricably intertwined evidence as it does not fall into either of the two categories outlined by the Ninth Circuit. The evidence does not constitute a "part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (citation omitted). The use of Aeronix, bank account, or origin of a loan from T.P. to start a business does not illustrate a basis for criminal conduct. It only serves to illustrate that Mr. Alcharihi continuously attempted to create business ventures, demonstrating his character and propensity. Moreover, the presentation of this evidence is not necessary

---

[2] The government insinuates that Mr. Alcharihi used Aeronix as a backchannel to illegally funnel money, but any business entity can conduct business activity. (Opp. at 4.) The loan checks were properly labeled and Mr. Alcharihi and T.P. created a written agreement.

2

"in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*. at 1012-13. The government does not need to show that Mr. Alcharihi started yet another business to attempt to paint a cohesive picture for the jury. The evidence is not inextricably intertwined and should be excluded under Rule 404(b).

Finally, the evidence can and should still be excluded under Rule 403 because its minimal probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. The government argues the evidence is "not even that prejudicial" when compared to the government's other evidence, but this is not the test. (Opp. at 5.) Unfair prejudice results when relevant evidence "lure[s] the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Similarly, just because Mr. Alcharihi saw an opportunity for monetary gain, just as he did with his many other import/export business ventures, it does not necessarily illustrate his guilt. The evidence will further confuse the issues and mislead jurors by using the existence of a separate business venture, the car export business, and a loan tied to both the business and the mosaic, as evidence of guilt. Presentation of this evidence will also cause undue delay, waste time, and be unnecessarily cumulative. The evidence should be excluded under Rule 403.

**C.     The eBay Email Message is Prior Conduct Evidence and Must be Excluded**

The government wrongly contends that Mr. Alcharihi's email message to eBay seller "Aphrodite Antiques" is direct evidence of the charge crime or alternatively inextricably intertwined with the charged crime. The government states the purpose of the email was to "obtain the mosaic-related documents…in order to see what legitimate importation and provenance-related documents for an ancient Roman mosaic looked like, so that defendant could create such documents" and that there is no other

3

explanation. (Opp. at 6.) The message is not direct evidence of the crime as it is unrelated to the instant offense entirely. First, Mr. Alcharihi was in the business of importing and exporting items to and from Europe, Asia, Africa, and the United States for resale. His resale business included cars, vases, fountains, coins, and an assortment of art pieces and odds and ends. This mosaic purchase was simply another inquiry for a purchase for resale in the United States. Second, in August of 2015, Mr. Alcharihi hired a third-party customs importation broker who completed and filed all of the paperwork on his behalf when he formally imported the mosaic at issue. The eBay email inquiry occurred months later in December of 2015 after the mosaic paperwork was complete. Third, Mr. Alcharihi's email message simply asks for documentation of the mosaic's authenticity. Any importer or exporter of items would inquire about the authenticity of an object before purchasing it, especially over the internet where it cannot be physically observed. Fourth, the eBay seller replied to Mr. Alcharihi but, as the government agrees, there is no evidence that he actually followed through with this purchase, or, more importantly that any documents were actually requested or received by Mr. Alcharihi. (Opp. at 6.) There is no evidence Mr. Alcharihi pressed for documents before the purchase of the mosaic.

    The eBay email message is also not inextricably intertwined evidence as it does not fall into either of the two categories outlined by the Ninth Circuit. The evidence does not constitute a "part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d at 1012 (citation omitted). Moreover, the presentation of the email message to the jury is not necessary "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*. at 1012-13. The government has other evidence that actually pertains to the mosaic at issue that it may present to the jury. Furthermore, the Ninth Circuit has cautioned that allowing introduction of "other acts" evidence on the theory that the acts are "inextricably intertwined" with the charged crime "should be

4

applied *narrowly* . . .". *United States v. Hill*, 953 F.2d 452, 457 n.1 (9th Cir. 1991) (noting that the "looseness" with which the doctrine has been applied has "[lent] too many opportunities for its abuse"; emphasis added). Mr. Alcharihi's email message is neither direct evidence of the charged crime nor inextricably intertwined with the charged crime. The evidence falls under Rule 404(b) and must be excluded.

Lastly, the evidence can and should still be excluded under Rule 403 because its minimal probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. (Mot. at 9.) The prior conduct serves an impermissible propensity purpose and would cast Mr. Alcharihi in an unfairly prejudicial light, while providing little probative value given the other evidence proffered by the government against Mr. Alcharihi. The defense simply notes that the argument above detailing why the evidence is neither direct evidence nor inextricably intertwined also demonstrates its minimal probative value, and thus, further bolsters the basis to exclude it under Rule 403.

### D.     Other Evidence

In its Opposition, the government says it will not elicit the following evidence at trial:

1) The Sale of Gold Coins (Opp. at 5.),
2) The Email Inquiry Regarding Objects and Statues (Opp. at 5.), and
3) The Sale of Vases/Fountains (Opp. at 6.).

Therefore, in an abundance of caution, Mr. Alcharihi respectfully requests that the Court issue an Order precluding the government from presenting any evidence or argument or eliciting testimony that refers to the sale of the gold coins, the email inquiry regarding objects and vases, and the sale of vases/fountains in general or by name.

### III. CONCLUSION

For the foregoing reasons, given the government's failure to provide the requisite Rule 404(b) notice, the Court should exclude all the evidence of Mr. Alcharihi's prior acts. In the alternative, Mr. Alcharihi respectfully seeks an order clarifying that the government's evidence is prior conduct evidence under Rule 404(b) and that it will not be permitted to introduce the evidence going to prior conduct, finding it inadmissible under Rules 403 and 404 of the Federal Rules of Evidence. Finally, Mr. Alcharihi respectfully requests that the Court issue an Order precluding the government from presenting any evidence or argument that refers to or elicits testimony regarding 1) the sale of gold coins, 2) the email inquiry regarding objects and statues, and 3) the sale of vases/fountains.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 6, 2023          By  /s/ *Ashley Mahmoudian*
ASHLEY MAHMOUDIAN
ISABEL BUSSARAKUM
JOSH WEISS
Deputy Federal Public Defenders
Attorney for MOHAMAD ALCHARIHI