E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644
     E-mail:    Mark.A.Williams@usdoj.gov
                Matthew.O'Brien@usdoj.gov
                Maxwell.Coll@usdoj.gov

KENNTEH A. POLITE
Assistant Attorney General
Criminal Division
CHRISTIAN A. LEVESQUE (D.C. Bar No. 501778)
Trial Attorney
Human Rights and Special Prosecutions Section
United States Department of Justice
     1301 New York Ave
     Washington, DC 20530
     Telephone: (202) 538-2373
     E-mail:    Christian.Levesque@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-307-GW |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MOHAMAD YASSIN ALCHARIHI, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi, | |
| Defendant. | **CURRENT TRIAL DATE:** May 2, 2023 |
| | **PROPOSED TRIAL DATE:** June 14, 2023 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant Attorney General for the Criminal Division and Assistant United States Attorneys Mark Williams, Matthew O'Brien, and Maxwell Coll and Trial Attorney Christian Levesque, and defendant MOHAMAD YASSIN ALCHARIHI ("defendant"), both individually and by and through his counsel of record, Ashley S. Mahmoudian and Isabel Bussarakum ("the parties"), hereby stipulate as follows:

1. The Indictment in this case was filed on July 24, 2020, and a summons to appear was issued. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 4, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 13, 2020.

2. On September 4, 2020, the Court set a trial date of October 27, 2020.

3. Pursuant to the parties' stipulations and ex parte applications, the Court previously continued the trial date in this case from October 27, 2020 to May 18, 2021, from May 18, 2021 to December 14, 2021, from December 14, 2021 to April 26, 2022, from April 26, 2022 to December 13, 2022, from December 13, 2022 to February 7, 2023, and from February 7, 2023 to May 2, 2023, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately four days.

5.   This Court held a status conference in this matter on April 20, 2023 and again on April 24, 2023.  At the conference on April 20, 2023, the Court took defendant's verbal waiver of his Speedy Trial rights, on the assumption that the trial date would be continued to either May 23, 2023 or May 30, 2023.  At the conference on April 24, 2023, at the request of defendant, the Court continued the trial date from May 2, 2023 to June 14, 2023, and continued the pretrial conference to June 1, 2023.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with Entry of Goods Falsely Classified, in violation of 18 U.S.C. § 541, and Criminal Forfeiture, in violation of 18 U.S.C. § 2461(c).

b.   The government has produced discovery to the defense, including over 30,000 pages of materials, including law enforcement reports, search warrant returns, electronic evidence, expert materials, evidence regarding foreign law, video recordings, and other records.  Some of this evidence is in a foreign language.

c.   In light of the foregoing, counsel for defendant represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date. Counsel for defendant represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense

3

counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.    Defendant believes that failure to grant the continuance will deny him adequate representation.

       e.    The government does not object to the continuance.

       f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 2, 2023 to June 14, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel

//
//
//

and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   IT IS SO STIPULATED.

Dated: April 27, 2023                    Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                         MACK E. JENKINS
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                         *Matthew O'Brien*
                                         _____
                                         MARK A. WILLIAMS
                                         MATTHEW W. O'BRIEN
                                         MAXWELL COLL
                                         Assistant United States Attorneys

                                         KENNETH A. POLITE
                                         Assistant Attorney General
                                         Criminal Division


                                            /s/
                                         _____
                                         CHRISTIAN A. LEVESQUE
                                         Trial Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

DATED: April 27, 2023                    _____
                                         ASHLEY MAHMOUDIAN
                                         ISABEL BUSSARAKUM
                                         Deputy Federal Public Defenders
                                         Attorneys for Defendant
                                         MOHAMAD YASSIN ALCHARIHI


   I am MOHAMAD YASSIN ALCHARIHI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those

5

rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 14, 2023, is an informed and voluntary one.

_____  04/27/2023
ASHLEY S. MAHMOUDIAN            Date
ISABEL BUSSARAKUM
Attorneys for Defendant
MOHAMAD YASSIN ALCHARIHI

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 14, 2023.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 14, 2023 at 8:30 a.m.

_____  4/27/2023
MOHAMAD YASSIN ALCHARIHI        Date
Defendant

6