E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3359/8644/1785
        Facsimile: (213) 534-4300
        E-mail:    Mark.A.Williams@usdoj.gov
                   Matthew.O'Brien@usdoj.gov
                   Maxwell.Coll@usdoj.gov

KENNTEH A. POLITE, JR.
Assistant Attorney General
Criminal Division
CHRISTIAN A. LEVESQUE (D.C. Bar No. 501778)
Trial Attorney
Human Rights and Special Prosecutions Section
United States Department of Justice
        1301 New York Ave
        Washington, DC 20530
        Telephone: (202) 538-2373
        E-mail:    Christian.Levesque@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-307-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date:  June 14, 2023 |
| MOHAMAD YASSIN ALCHARIHI, aka "Mohamad al-Sharihi" and "Mohamad AlCharihi," | Time:        8:00 a.m. Location:    Courtroom 9D of the Hon. George Wu |
| Defendant. | |

1    Plaintiff United States of America, by and through its counsel

2  of record, the United States Attorney for the Central District of

3  California and Assistant United States Attorneys Mark A. Williams,

4  Matthew W. O'Brien, and Maxwell Coll, and Trial Attorney Christian

5  Levesque, hereby files its Trial Memorandum.

6    This Trial Memorandum is based upon the attached memorandum of

7  points and authorities, the files and records in this case, and such

8  further evidence and argument as the Court may permit.

9  Dated: June 7, 2023            Respectfully submitted,

10                                E. MARTIN ESTRADA
                                  United States Attorney
11
                                  MACK E. JENKINS
12                                Assistant United States Attorney
                                  Chief, Criminal Division
13

14
                                  _____/s/_____
15                                MARK A. WILLIAMS
                                  MATTHEW W. O'BRIEN
16                                MAXWELL COLL
                                  Assistant United States Attorneys
17
                                  KENNETH A. POLITE
18                                Assistant Attorney General
                                  Criminal Division
19

20
                                  _____/s/_____
21                                CHRISTIAN A. LEVESQUE
                                  Trial Attorney
22
                                  Attorneys for Plaintiff
23                                UNITED STATES OF AMERICA

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    STATEMENT OF THE CASE.........................................1

      A.    Trial Status............................................1

      B.    Summary of the Charge...................................1

      C.    Summary of Evidence and Conduct.........................1

      D.    Witnesses and Trial Length..............................1

      E.    Motions and Motions in Limine...........................2

      F.    Additional Pre-Trial Filings............................2

      G.    Stipulations............................................2

II.   EVIDENTIARY ISSUES............................................2

      A.    Defendant's Statements..................................2

      B.    Co-Conspirator Statements...............................4

      C.    Co-Conspirator Statements Offered by the Defense........4

      D.    404(b) Evidence.........................................6

      E.    Cross Examination.......................................6

      F.    Character Witnesses.....................................7

      G.    Expert Testimony........................................8

      H.    Authentication and Foundation...........................8

      I.    Business and Public Records.............................9

      J.    Charts and Summaries....................................9

III.  FORFEITURE...................................................10

      A.    Forfeiture Is an Aspect of Sentencing..................10

      B.    Applicable Substantive and Procedural Authority........11

            1.    Substantive Forfeiture Authority – 18 U.S.C. §
                  981(a)(1)(C).....................................11

i

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                                    PAGE

          2.   Determination of Forfeitability of Property
               Sought for Forfeiture and Entry of a Preliminary
               Order of Forfeiture.................................11

          3.   Procedural Rules for the Forfeiture Phase...........13

IV.   CONCLUSION....................................................17

1

**TABLE OF AUTHORITIES**

2    DESCRIPTION                                                    PAGE

3    FEDERAL CASES:

4    Anderson v. United States,
5         417 U.S. 211 (1974) ............................................. 5

6    Brooks v. Tennessee,
7         406 U.S. 605 (1972) ............................................. 6

     Gallego v. United States,
8         276 F.2d 914 (9th Cir. 1960) ................................... 9

9    Kaley v. United States,
10        134 S. Ct. 1090 (2014) ........................................ 10

11   Libretti v. United States,
          516 U.S. 29 (1995) ............................................ 10
12
     Michelson v. United States,
13        335 U.S. 469 (1948) ............................................ 7

14   United States v. Abbas,
15        74 F.3d 506 (4th Cir. 1996) .................................... 5

16   United States v. Anderton,
          679 F.2d 1199 (5th Cir. 1982) .................................. 5
17
     United States v. Black,
18        767 F.2d 1334 (9th Cir. 1985) .................................. 9

19   United States v. Blackman,
20        746 F.3d 137 (4th Cir. 2014) .................................. 15

21   United States v. Burreson,
          643 F.2d 1344 (9th Cir. 1981) ............................... 3, 4
22
     United States v. Capoccia,
23        503 F.3d 103 (2d Cir. 2007) ................................... 13

24   United States v. Chu Kong Yin,
25        935 F.2d 990 (9th Cir. 1991) ................................... 8

26   United States v. Creighton,
27        52 F. App'x 31 (9th Cir. 2002) ............................... 13

28

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

United States v. Evanson,
    2008 WL 3107332 (D. Utah 2008) .................................. 13

United States v. Fernandez,
    839 F.2d 639 (9th Cir. 1988) ...................................... 3

United States v. Garcia-Guizar,
    160 F.3d 511 (9th Cir. 1998) ..................................... 13

United States v. Hackett,
    638 F.2d 1179 (9th Cir. 1980) ..................................... 5

United States v. Hernandez-Escarsega,
    886 F.2d 1560 (9th Cir. 1989) .................................... 13

United States v. Kapp,
    781 F.2d 1008 (3d Cir. 1986) ...................................... 5

United States v. Lazarenko,
    476 F.3d 642 (9th Cir. 2007) ................................. 10, 14

United States v. Louthian,
    756 F.3d 295 (4th Cir. 2014) ..................................... 10

United States v. Marin,
    669 F.2d 73 (2d Cir. 1982) ........................................ 4

United States v. McCollom,
    664 F.2d 56 (5th Cir. 1981) ....................................... 8

United States v. Messino,
    382 F.3d 704 (7th Cir. 2004) ..................................... 11

United States v. Milstein,
    401 F.3d 53 (2d Cir. 2005) ........................................ 5

United States v. Mitchell,
    502 F.3d 931 (9th Cir. 2007) ...................................... 4

United States v. Monsanto,
    491 U.S. 600 (1989) .............................................. 14

United States v. Nava,
    404 F.3d 1119 (9th Cir. 2005) ................................ 15, 16

1

**TABLE OF AUTHORITIES (CONTINUED)**

2       <u>DESCRIPTION</u>                                                                <u>PAGE</u>

3       United States v. Neal,
4           2003 WL 24307070 (E.D. Va. Sept. 29, 2003) ....................... 12

5       United States v. Newman,
6           659 F.3d 1235 (9th Cir. 2011) ................................... 14

7       United States v. Nicolo,
            597 F. Supp. 2d 342 (W.D.N.Y. 2009) ............................. 16
8
        United States v. Ortega,
9           203 F.3d 675 (9th Cir. 2000) .................................... 3

10      United States v. Prejean,
            2006 WL 2414256 (E.D. La. Aug. 18, 2006) ....................... 12
11
        United States v. Reed,
12          227 F.3d 763 (7th Cir. 2000) .................................... 2

13      United States v. Sabhnani,
14          599 F.3d 215 (2d Cir. 2010) .................................... 13

15      United States v. Schlesinger,
            396 F.Supp.2d 267 (E.D.N.Y. 2005) .............................. 16
16
        United States v. Smith,
17          893 F.2d 1573 (9th Cir. 1990) ................................... 9

18      United States v. Taylor,
19          716 F.2d 701 (9th Cir. 1983) .................................... 9

20      United States v. Vampire Nation,
21          451 F.3d 189 (3d Cir. 2006) .................................... 10

22      United States v. Warshak,
            631 F.3d 266 (6th Cir. 2010) ................................... 14
23
        United States v. Weiner,
24          578 F.2d 757 (9th Cir. 1978) .................................... 6

25      United States v. Wilder,
26          597 F.3d 936 (8th Cir. 2010) .................................... 5

27      United States v. Yeje-Cabrera,
            430 F.3d 1 (1st Cir. 2005) ..................................... 15
28

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                      PAGE

<u>Williamson v. United States,</u>
  512 U.S. 594 (1994) .............................................. 3

FEDERAL STATUTES:

18 U.S.C. § 541.............................................. 1, 11

18 U.S.C. § 981(a)(1)(C)..................................... ii, 11

18 U.S.C. § 1956(c)(7)........................................... 11

28 U.S.C. § 2461(c)......................................... 11, 15

FEDERAL RULES:

Fed. R. Evid. 106............................................... 4

Fed. R. Evid. 405(a)........................................... 7

Fed. R. Evid. 801(d)(2)........................................ 3

Fed. R. Evid. 801(d)(2)(A)..................................... 2

Fed. R. Evid. 801(d)(2)(E)................................... 4, 5

Fed. R. Evid. 1003............................................. 9

Federal Rule of Criminal Procedure 32.2...................... 15

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   STATEMENT OF THE CASE

    A.   Trial Status

      The criminal trial for defendant MOHAMAD YASSIN ALCHARIHI, aka aka "Mohamad al-Sharihi" and "Mohamad AlCharihi" ("defendant"), is set for June 14, 2023, at 8:00 a.m.

    B.   Summary of the Charge

      On July 24, 2020, a federal grand jury returned a single-count indictment charging defendant with a violation of 18 U.S.C. § 541 (Entry of Goods Falsely Classified).  The charge is based on defendant's importation of an ancient Roman floor mosaic of Syrian origin (the "Mosaic") into the United States from the Republic of Turkey in August 2015.  The indictment alleges that defendant effected the entry of the Mosaic upon a false classification as to the quality and value of the Mosaic.

      The indictment also seeks the forfeiture of the Mosaic.

    C.   Summary of Evidence and Conduct

      Given the Court's familiarity with the prior, thorough briefing in this case, no additional factual or evidentiary summary is provided herein.

    D.   Witnesses and Trial Length

      The government expects to call approximately twelve witnesses in its case-in-chief.  The government estimates that its case-in-chief will last approximately four days, depending on the length of cross-examinations.  If the defense does not stipulate to certain evidentiary issues, the government will need to call additional witnesses and its case-in-chief will be longer.

1   The identity of the witnesses the government anticipates calling
2   to testify are detailed on the government's witness list, which was
3   filed separately on May 31, 2023.  One of the government's witnesses
4   speaks Spanish; the government will arrange for an interpreter.

5   **E.   Motions and Motions in Limine**

6   A number of motions in limine have been filed and resolved.  At
7   the pretrial conference on June 5, 2023, the Court permitted defense
8   counsel to file an additional motion regarding the inclusion of loss
9   of revenues as an element of the section 541 offense.  A hearing on
10  that motion is set for June 12, 2023, at 10:00 a.m.

11  **F.   Additional Pre-Trial Filings**

12  The government filed its witness list, proposed voir dire,
13  verdict form, and lodged the exhibits with the Court on May 31, 2023.
14  The exhibit list was filed on June 1, 2023.  The government will
15  update and re-file final versions of those documents consistent with
16  the Court's comments at the June 5, 2023, final pretrial conference.

17  **G.   Stipulations**

18  At present the parties have reached no agreements regarding
19  stipulations, but those discussions are ongoing.

20  **II.  EVIDENTIARY ISSUES**

21  **A.   Defendant's Statements**

22  The government intends to admit numerous statements made by
23  defendant, including statements made to law enforcement authorities.

24  Statements by a party opponent when offered against that party
25  are excluded from the hearsay definition.  See Fed. R. Evid.
26  801(d)(2)(A).  Thus, defendant's prior statements may be admitted
27  against him.  See United States v. Reed, 227 F.3d 763, 770 (7th Cir.
28  2000) ("Rule 801(d)(2)(A) merely renders a statement nonhearsay if it

1    was made by the party against whom it is offered.... [T]he statements

2    need neither be incriminating, inculpatory, against interest, nor

3    otherwise inherently damaging to the declarant's case.").

4        When the government offers some of defendant's prior statements,

5    the door is not thereby opened for him to introduce all of his out-

6    of-court statements because, when offered by the defendant, the

7    statements are hearsay.  See Fed. R. Evid. 801(d)(2); United States

8    v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000); United States v.

9    Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); see also United States

10   v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (district court

11   properly sustained government's hearsay objection to defendant's

12   attempt to solicit defendant's post-arrest statements during cross-

13   examination of FBI agent).

14       The Ninth Circuit held in Ortega that the defendant's non-self-

15   inculpatory statements were inadmissible "even if they were made

16   contemporaneously with other self-inculpatory statements."  Ortega,

17   203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594,

18   599 (1994)).  The Ninth Circuit held that "[i]f the district court

19   [had] ruled in his favor, [the defendant] would have been able to

20   place his exculpatory statements before the jury without subjecting

21   [himself] to cross-examination, precisely what the hearsay rule

22   forbids.  Thus, the district court did not abuse its discretion when

23   it limited [the defendant's] ability to elicit his exculpatory

24   hearsay statements on cross-examination."  Id. at 682 (internal

25   punctuation and citation omitted).

26       The only recognized limitation of this principle is the

27   "doctrine of completeness," which has been applied by some courts to

28   admit additional portions of a defendant's prior written or recorded

3

statements where necessary to explain an admitted statement, place it in context, or avoid misleading the trier of fact.  See Fed. R. Evid. 106; Burreson, 643 F.2d at 1349; United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).  The completeness doctrine does not require introduction of portions of a written or recorded statement that are neither explanatory of, nor relevant to, the admitted passages.  See United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007).  Nor does the doctrine apply when a government witness is merely summarizing a defendant's statements and not playing an audio recording or introducing a written statement or transcript.

## B.   Co-Conspirator Statements

At the pretrial conference on June 5, 2023, the Court ruled that there was a conspiracy and granted in part the government's motion in limine to admit co-conspirator statements by Belal AlJrad.  As such, at trial the government intends to introduce text messages and emails between defendant and AlJrad regarding the Mosaic and their scheme to import, restore, and sell the Mosaic.

## C.   Co-Conspirator Statements Offered by the Defense

Defense counsel cannot admit co-conspirator statements made by Belal AlJrad (or any of defendant's other co-conspirators) because such co-conspirator statements are admissible only when "offered against an opposing party."  Fed. R. Evid. 801(d)(2)(E).

To admit a statement as non-hearsay under Rule 801(d)(2)(E), the otherwise inadmissible statement must be offered against an opposing party.  Prior to its codification in the Federal Rules of Evidence, the Supreme Court explained the rule very clearly: "The doctrine that declarations of one conspirator may be used *against another conspirator* . . . is a well-recognized exception to the hearsay rule

which would otherwise bar the introduction of such out-of-court declarations." Anderson v. United States, 417 U.S. 211, 218-19 (1974) (emphasis added).

Circuit courts nationwide have found that the prosecution does not qualify as an opposing party against whom such evidence can be offered, and as such defense counsel cannot admit these co-conspirator statements at trial. As the Ninth Circuit explained, "[w]hen the Government did not offer the [co-conspirator's] statement, [defendant] promptly moved for its admission on the ground that it exculpated him . . . The statement was clearly inadmissible hearsay. It was not error to exclude it." United States v. Hackett, 638 F.2d 1179, 1187 (9th Cir. 1980), cert. denied, 450 U.S. 1001 (1981); see also United States v. Milstein, 401 F.3d 53, 73 (2d Cir. 2005) ("[A] statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is one type of "[a]dmission by party-opponent" defined as nonhearsay, but only if "offered against" the party. Fed.R.Evid. 801(d)(2)(E). The statement of a conspirator, offered for its truth by a co-conspirator, is not within this Rule."); United States v. Kapp, 781 F.2d 1008, 1014 (3d Cir. 1986), cert. denied, 475 U.S. 1024 (1986) ("There is no authority for the proposition that the prosecution is a 'party' against whom such evidence can be offered."); United States v. Abbas, 74 F.3d 506, 511 (4th Cir. 1996) (". . . the prosecution is not a "party" against whom such testimony may be tendered."); United States v. Anderton, 679 F.2d 1199, 1202-03 (5th Cir. 1982) ("[Rule 801(d)(2)(E) applies only to the admission of a statement against a party. It does not avail one in this rather unusual position who seeks to introduce the evidence in his own behalf."); United States v. Wilder, 597 F.3d 936,

1    942 (8th Cir. 2010) ("Federal Rule of Evidence 801(d)(2)(E) excludes
2    from hearsay only co-conspirator statements offered 'against a
3    party,' that is, against the party making the statement.").

4         **D.   404(b) Evidence**

5         The government has filed a motion in limine to admit defendant's
6    and AlJrad's statements about additional valuable mosaics they
7    planned to ship into the United States.  As set forth in the motion,
8    this evidence is inextricably intertwined with the charged offense;
9    in the alternative, they show defendant's intent, absence of mistake,
10   knowledge, motive, and plan.  At the pretrial conference on June 5,
11   2023, the Court granted in part the government's motion.

12        **E.   Cross Examination**

13        The Court has broad authority to control the extent of cross
14   examination.  See United States v. Weiner, 578 F.2d 757, 766 (9th
15   Cir. 1978), cert. denied, 439 U.S. 981 (1978) (the Court "in its
16   discretion may limit cross-examination in order to preclude
17   repetitive questions, upon determining that a particular subject has
18   been exhausted, or to avoid extensive and time-wasting exploration of
19   collateral matters").

20        If defendant and his co-conspirator(s) elect to testify, they
21   may open the door to a range of evidence via false or misleading
22   testimony on direct or cross-examination.  See Brooks v. Tennessee,
23   406 U.S. 605, 609 (1972) ("[A] defendant's choice to take the stand
24   carries with it serious risks of impeachment and cross-examination;
25   it may open the door to otherwise inadmissible evidence which is
26   damaging to his case....").  This includes but is not limited to
27   cross-examination regarding their knowledge that the Mosaic was

28

                                    6

looted, their involvement in smuggling the Mosaic, and the creation
of false paperwork related to the Mosaic.

**F.   Character Witnesses**

The Supreme Court has recognized that character evidence -
particularly cumulative character evidence - has weak probative value
and great potential to confuse the issues and prejudice the jury.
See Michelson v. United States, 335 U.S. 469, 480, 486 (1948).  The
Court has thus given trial courts wide discretion to limit the
presentation of character evidence.  See id.

In addition, the form of the proffered evidence must be proper.
Federal Rule of Evidence 405(a) sets forth the sole methods for which
character evidence may be introduced.  It specifically states that
where evidence of a character trait is admissible, proof may be made
in two ways: (1) by testimony as to reputation and (2) by testimony
as to opinion.  Thus, defendant may not introduce specific instances
of his good conduct through the testimony of others.  See id. at 477
("The witness may not testify about defendant's specific acts or
courses of conduct or his possession of a particular disposition or
of benign mental or moral traits.").

On cross-examination of a defendant's character witness,
however, the government may inquire into specific instances of a
defendant's past conduct relevant to the character trait at issue.
See Fed. R. Evid. 405(a).  In particular, a defendant's character
witnesses may be cross-examined about their knowledge of the
defendant's past crimes, wrongful acts, and arrests.  See Michelson,
335 U.S. at 481.  The only prerequisite is that there must be a good
faith basis that the incidents inquired about are relevant to the

1   character trait at issue.  See <u>United States v. McCollom</u>, 664 F.2d

2   56, 58 (5th Cir. 1981).

3        **G.   Expert Testimony**

4        The government will be calling three experts at trial: (1)

5   Michael Cohn, an appraisal expert who will testify regarding the

6   Mosaic's value; (2) Dr. Eric Doehne, a conservation / museum

7   scientist, geologist, and cultural heritage educator who will testify

8   that that Mosaic is authentic, ancient, and likely from Syria, and

9   also regarding looting of antiquities in Syria; and (3) William

10  Tarter, a customs and importation expert.  Regarding Dr. Doehne's

11  testimony, the Court ordered that defense counsel may question him

12  for 15 minutes outside the presence of the jury regarding how he

13  consulted with his colleague, Eduardo Sanchez, in conducting his own

14  analysis and forming his own independent opinions.

15       The defense will be calling three experts at trial: (1) Randall

16  Hixenbaugh, an appraisal expert; (2) Dr. David Parrish, an art

17  history professor; and (3) Scott Case, a customs expert.

18       **H.   Authentication and Foundation**

19       Federal Rule of Evidence 901(a) provides that "[t]o satisfy the

20  requirement of authenticating or identifying an item of evidence, the

21  proponent must produce evidence sufficient to support a finding that

22  the matter in question is what the proponent claims it is."  Under

23  Rule 901(a), evidence should be admitted, despite any challenge, once

24  the government makes a <u>prima</u> <u>facie</u> showing of authenticity or

25  identification so "that a reasonable juror could find in favor of

26  authenticity or identification . . . [because] the probative force of

27  the evidence offered is, ultimately, an issue for the jury."  <u>United</u>

28  <u>States v. Chu Kong Yin</u>, 935 F.2d 990, 996 (9th Cir. 1991) (citations

                                     8

and internal quotation marks omitted); see also United States v. Black, 767 F.2d 1334, 1342 (9th Cir. 1985).  The government need not establish all links in the chain of custody of an item or call all persons who were in a position to come into contact with it.  See Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960).  Alleged gaps in the chain of custody go to the weight of the evidence rather than to its admissibility.  See United States v. Taylor, 716 F.2d 701, 711 (9th Cir. 1983).  A duplicate is admissible to the same extent as the original unless there is a genuine question as to the authenticity of the original or it would be unfair under the circumstances to admit the duplicate in lieu of the original.  See Fed. R. Evid. 1003; United States v. Smith, 893 F.2d 1573, 1579 (9th Cir. 1990).

**I.   Business and Public Records**

Barring a stipulation, the government will be introducing the subscriber information and related certification records showing defendant's email addresses include midan2020@yahoo.com and midan1967@hotmail.com, and Belal AlJrad's email addresses include belalhpc@yahoo.com and belatruck@gmail.com.Photographs and Audio Recordings

The government will be introducing photographs of the Mosaic and portions of defendant's audio-recorded statement.

**J.   Charts and Summaries**

The government will use a chart during direct examination to track the defendant's payments made related to the Mosaic, as compared to the value declared on the false invoice provided to Soo Hoo.

9

III. **FORFEITURE**

The indictment also seeks the forfeiture of the Mosaic.

A.    **Forfeiture Is an Aspect of Sentencing**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing. It is not an element of the underlying substantive offense. See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct. See Kaley v. United States, 134 S. Ct. 1090 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is in personam, meaning that it may be imposed only after a criminal conviction, and applies only to property of the convicted defendant. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools:" the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself); United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the conviction. The forfeiture must correspond in nature and scope to the

underlying criminal conduct of which the defendant was convicted. See <u>United States v. Messino</u>, 382 F.3d 704, 714 (7th Cir. 2004).

**B.   Applicable Substantive and Procedural Authority**

1.   <u>Substantive Forfeiture Authority – 18 U.S.C. §
981(a)(1)(C)</u>

The substantive forfeiture authority applicable here is found at 18 U.S.C. § 981(a)(1)(C), which authorizes the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), which includes violation of 18 U.S.C. § 541.  Property subject to civil forfeiture is made subject to criminal forfeiture pursuant to 28 U.S.C. § 2461(c).  The term "proceeds" includes property of any kind obtained directly or indirectly as the result of the commission of the offense giving rise to forfeiture.

2.   <u>Determination of Forfeitability of Property Sought for
Forfeiture and Entry of a Preliminary Order of
Forfeiture</u>

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. *See* Rule 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute.").  The indictment includes such notice in the form of the forfeiture allegation that begins on page 3.

Following conviction, forfeitability of the property sought for forfeiture is determined either by the Court or the jury, depending on the election of either party.  Rule 32.2(b)(1) provides:

(A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an

11

indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(B) Evidence and Hearing. The Court's determination may be based upon evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable. If the forfeiture is contested, on either party's request the Court must conduct a hearing after the verdict or finding of guilty.

Notwithstanding the above language of Rule 32.2(b)(1)(A), which requires the Court to determine the forfeitability of any property sought for forfeiture, subsection (b)(5), entitled "Jury Determination," gives each of the parties the option of retaining the jury to make that determination:

(A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the Court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

(B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

The nexus inquiry is the same whether the Court or the jury is the finder of fact.  See United States v. Neal, 2003 WL 24307070, *2 (E.D. Va. Sept. 29, 2003) (citing Advisory Committee Notes); see also United States v. Prejean, 2006 WL 2414256, *1 (E.D. La. Aug. 18, 2006) (same; following Neal).

### 3.   Procedural Rules for the Forfeiture Phase

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty."  Whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Rule 32.2 ((b)(1)(B); United States v. Sabhnani, 599 F.3d 215, 262-63 (2d Cir. 2010); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

Nor is it necessary that the evidence presented in the forfeiture phase satisfy the Rules of Evidence, and may include hearsay, as the forfeiture determination is part of the sentencing process.  See Capoccia, 503 F.3d at 109; United States v. Evanson, 2008 WL 3107332, at *2 (D. Utah 2008); United States v. Creighton, 52 F. App'x 31, 35-36 (9th Cir. 2002).

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence.  See United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

The defendant is not permitted to relitigate the legality of its

13

conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase.  See United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government.  If the finder of fact finds that there is such a nexus, prompt entry of a Preliminary Order of Forfeiture ("POF") is mandatory.  See Rule 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) (following Monsanto: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture"); Lazarenko, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a

14

third party's interests in the property"); <u>United States v. Blackman</u>, 746 F.3d 137, 143 (4th Cir. 2014) (interpreting similar language in 28 U.S.C. § 2461(c): "The word 'shall' does not convey discretion . . . The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing. . . . Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."  Rule 32.2 uses the word "must.").

As the Ninth Circuit held in <u>Lazarenko</u>, the forfeiture determination that precedes the entry of a POF does *not* include a determination of who is the owner of the property subject to forfeiture.  That determination is deferred to ancillary proceedings that follow the entry of the POF, in which the purported interests of third parties are determined.  <u>See</u> Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption): "Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - *whatever that interest may be* -- in the criminal case.  At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property.  This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."  (Emphasis added).  <u>See</u> <u>also</u> <u>United States v. Nava</u>, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; jury's return of special verdict of forfeiture silent on the issue of ownership of the property); <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 15 (1st Cir. 2005) (explaining the primary

15

purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation). Ownership is not an issue to be determined before entry of the POF because forfeiture of the defendant's interest in property found to have a nexus to the underlying violation for which he has been convicted is mandatory. Nava, 404 F.3d at 1124. The court need not define the defendant's interest before entering the POF because it is impossible as a matter of law for the defendant to retain any interest in property as to which the requisite nexus has been shown. "Thus, the ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property." Rule 32.2, Advisory Committee Notes, 2000 Adoption. Rule 32.2 establishes the "more sensible procedure [whereby] the court, once it (or a jury) determines that property was involved in the criminal offense for which the defendant has been convicted, [orders] the forfeiture of whatever interest a defendant *may have* in the property *without having to determine exactly what that interest is*." Id. (emphasis added).

For the same reasons, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. See United States v. Schlesinger, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited;" if the Government establishes the required nexus to the offense, the property must be forfeited; if the property belonged to a third party, she will have an opportunity in the ancillary proceeding to make that claim).

16

IV.   **CONCLUSION**

The government hereby respectfully requests leave to file supplemental trial memoranda before or during trial, as it may become appropriate.